## 49296. PLYMEL v. ADAMS.

BELL, Chief Judge.

Code Ann. § 74-403 (2) provides in part: "Where a decree has been entered by a superior court of this State or any other . . . State ordering a parent to support a child and such parent has wantonly and wilfully failed to comply with the order for a period of twelve months or longer, the consent . . . of the other parent alone shall suffice in any proceedings for adoption relative to such child." This statutory language was construed in *Sale v. Leachman,* 218 Ga. 834, 837 (131 SE2d 185) to mean twelve months immediately preceding the filing of the proceeding to adopt the minor child. Here, the objecting natural father, the appellant, wantonly and wilfully

failed to comply with an order of support of his minor child in the decree of divorce for a period of more than twelve months immediately prior to the filing of the petition for adoption, but he did offer payment of four weeks of the arrearage due prior to the hearing on the petition which was refused by the child's mother. The sum tendered did not pay up the arrearages and was inadequate, but even if it did, an offer to pay the arrearages comes too late after the filing of the petition for adoption. *Hamrick v. Seward,* 126 Ga. App. 5, 10 (189 SE2d 882). There was no error in granting the final order of adoption.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED MAY 6, 1974 — DECIDED SEPTEMBER 20, 1974.

*Elsie H. Griner, Edward Parrish,* for appellant.
*Whelchel & Whelchel, Hoyt H. Whelchel, Jr.,* for appellee.