### 31736, 31737. OSBORNE v. RIDGE VIEW ASSOCIATES et al.; and vice versa.

UNDERCOFLER, Presiding Justice.

Osborne, an attorney, seeks to set aside two contracts purchasing limited partnership interests in raw acreage for investment purposes which were executed in 1973. He alleges the sales were not properly registered under the Georgia Securities Act of 1957, as amended, as it existed at the time of this transaction, and are voidable. He does not allege fraud, mistake or misrepresentation. He relies solely upon a constitutional attack upon the language of Section 6 (j) as rewritten in the 1970 amendment to that Act (Ga. L. 1970, p. 718), alleging that a certain phrase which had been in the Act as amended by Ga. L. 1963, p. 557, was deleted in 1970 without notice in the caption of the 1970 amendment contrary to Art. III, Sec. VII, Pars. IV and XII of the Constitution of 1976 (Code Ann. §§ 2-1304, 2-1312).

1. The language deleted provided that no exemption could be granted ". . . where a commission or other remuneration is paid or given in connection with such sale . . ." The trial court found that commissions were paid in these transactions but this restriction had been removed by the 1970 amendment and the court awarded summary judgment to appellees. Osborne states the court erred because by failing to note the deletion in the caption, the

General Assembly did not repeal the language relating to commissions and, under the facts of this case, an exemption granted was null and void. He cites *Abernathy v. Mitchell,* 113 Ga. 127 (1) (38 SE 303) (1901), as controlling authority.

Appellees refute these arguments by citing the holdings of this court in *Gilbert v. Ga. R. & Bkg. Co.,* 104 Ga. 412, 414 (30 SE 673) (1898), an earlier line of cases which it is claimed the *Abernathy* court completely overlooked. Though *Gilbert* was not exactly on point with the facts of this case, other authorities cited in that case, showing how other jurisdictions treated the question raised here, are on point and we affirm. By doing so, we specifically overrule *Abernathy* in favor of that recently stated by the Court of Appeals in *Atlanta Metallic Casket Co. v. Mosby Truck Service,* 107 Ga. App. 677, 680 (131 SE2d 590) (1963): "When a statute or section of the Code to be amended is recited in the statute in its amended shape, and it is in express terms declared therein that when amended the old law shall read in a certain way, this declaration by the General Assembly, being the last expression of its intention as to what shall be the law of the State, absolutely controls . . . Thus, it can be seen that we follow an unbroken line of authority dating from *Gilbert* in 1898 and one that is in accord with the American majority. 1 Sutherland, Statutory Construction, § 1932 (3d Ed. 1943, 1962 Supp.); 50 AmJur 263, Statutes, § 276. The rule represents a common sense approach that is both just and laudable."

2. We find, also, that the Act does not contain matter different from that expressed in the title. *Cady v. Jardine,* 185 Ga. 9 (193 SE 869) (1937). The cases of *Smith v. State,* 161 Ga. 103 (129 SE 766) (1925) and *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804 (147 SE2d 424) (1966), relied upon by appellant are inapposite. In those cases the body of the Act was held to be unrelated to the title. Here, the title and the body of the Act relate to one specific subsection, namely 6 (j), "Exempt Transactions," of the Georgia Securities Act.

*Judgment affirmed on main appeal. Cross appeal dismissed. All the Justices concur, except Hill, J., who dissents.*

*Carr, Wadsworth, Abney & Tabb, Benjamin C. Abney,* for appellant.

*Schreeder, Wheeler & Flint, David H. Flint,* for appellees.

HILL, Justice, dissenting.

The majority overrule *Abernathy v. Mitchell,* 113 Ga. 127 (1) (38 SE 303) (1901). In *Abernathy* the omission in the "to read" portion of the Act was an oversight. See p. 129.

In the case before us the omission of the words in question was deliberate. They were deleted by the Senate. Ga. Senate Journal, Reg. Sess. 1970, pp. 1646-1647. I therefore agree with the majority that the words in question were not in effect after the effective date of the 1970 amendment, Ga. L. 1970, p. 718. However, I would not find it necessary to overrule *Abernathy* in this case because it is distinguishable. In *Abernathy* the legislature did not intend to repeal the omitted words; here the legislature intended to repeal the omitted words.

However, the majority find (and I agree) that the 1970 Act had the effect of repealing the words "when no commission or other remuneration is paid or given for or in connection with such sale." Those words appear in Ga. L. 1963, pp. 557, 560. Those words do not appear anywhere in the 1970 Act which repealed them.

Thus, in my view the 1970 repeal violated Art. III, Sec. VII, Par. XVI of the 1945 Constitution (Code Ann. § 2-1916) (Art. III, Sec. VII, Par. XII of the 1976 Constitution; Code Ann. § 2-1312) which declared that a ". . . repealing Act, shall distinctly describe the law to be. . . repealed, as well as the alteration to be made." Nowhere in the 1970 Act is there any description of the alteration (deletion) to be made.

In my view, our Constitution requires that a repealing Act do more than simply omit reference to the repealed words.