## 57164. EHRMAN v. MOSER.

Webb, Judge.

The natural father appeals from an order terminating his parental rights and granting the stepfather's petition for adoption of his minor children pursuant to Code Ann. § 74-401 et seq.

The trial court found that appellant and the mother were divorced pursuant to an Ohio decree under which he was to make specified child support payments to her for the minor children placed in her custody, and she was to pay specified debts incurred during the marriage; that subsequent to that final decree, "the parties entered into a personal agreement, not approved by the courts of Ohio, the substance of which was as follows: the natural mother agreed to release the natural father from his obligation to make support payments in exchange for the natural father's agreement (a) not to attempt to prevent the natural mother from leaving the State of Ohio to go to the State of Georgia with the children, and (b) to pay the debts which the Ohio decree specified as being the obligation of the natural mother. This agreement was in writing, and signed by both the natural father and the natural mother … The natural father, pursuant to the aforementioned written agreement, paid the debts of the natural mother and did not attempt to prevent the natural mother from leaving the State of Ohio and going to the State of Georgia

with the children;" and that the appellant had ceased making child support payments to the mother in accordance with their agreement. The court concluded that appellant could not "bargain away" his court-ordered duty of support of the minor children; that his post-decree agreement with the mother did not constitute "justifiable cause," within the meaning of Code Ann. § 74-405 (a) (2), for him to have ceased making support payments[1]; and that by doing so he had abandoned his children.

We reverse. The phrase "justifiable cause," as used in the adoption statute pursuant to its amendment by Ga. L. 1977, pp. 201, 211, is substantially the same as "justifiable reason" as it appears in Code § 30-219 providing for attachment for contempt for failure to pay alimony; and even though it was not brought to the attention of the trial court, the Supreme Court, citing *Hawkins v. Edge,* 218 Ga. 463 (128 SE2d 493) (1962), and *Corriher v. McElroy,* 209 Ga. 885 (76 SE2d 782) (1953), has recently held that although a post-decree agreement without court sanction is ineffective to modify the terms of the decree,[2] nevertheless the father's good-faith reliance upon it constitutes "justifiable reason" for his failure to abide by its terms so as to be a defense to the contempt action. *Meredith v. Meredith,* 238 Ga. 595 (234 SE2d 510) (1977).

The record here will admit of no conclusion but that both the father and mother relied upon the agreement and fully executed it in good faith; and, in this action by a stranger to the agreement some five years after its execution, we hold that appellant had "justifiable cause" for failure to make further support payments so that the

---

[1] Adoption of a nonconsenting parent's child may be allowed in certain circumstances where the parent "has failed significantly without justifiable cause for a period of one year . . . to provide for the care and support of the child as required by . . . judicial decree." Code Ann. § 74-405 (a) (2).

[2] But see *Daniel v. Daniel,* 239 Ga. 466 (238 SE2d 108) (1977).

adoption cannot be predicated upon such failure. Additionally, since this ruling also negates any possibility of a finding of an intention to abandon predicated upon failure to make further support payments, and since no other basis for such a finding appears in the record, we reverse with direction to deny the petition for adoption.

*Judgment reversed with direction. Bell, C. J., and Banke, J., concur.*

ARGUED JANUARY 4, 1979.— DECIDED JANUARY 15, 1979 — REHEARING DENIED FEBRUARY 1, 1979 — ■

*King & Spalding, M. Robert Thornton,* for appellant. *Holland & Holland, Nancy S. Holland,* for appellee.