58913. BEVERLY v. KENNEDY.

CARLEY, Judge.

This appeal is from a judgment granting a petition for adoption of appellant's minor daughter by the child's stepfather. The trial court found that appellant had ". . . failed significantly, without justifiable cause, for a period of one year or longer immediately prior to the filing of the petition for adoption . . . to provide for the care and support of said minor child, as required by law and by judicial decree." Additionally, the trial court found, as a fact, that the adoption was in the best interest of the child.

1. Appellant contends that the finding that he had

failed significantly, without justifiable cause, to provide support was error because he had a "justifiable cause." He testified that he had attempted to locate the child on several occasions, but that his efforts were deliberately frustrated by appellee and his wife (appellant's ex-wife, mother of the child) by concealing their whereabouts from him for the express purpose of preventing him from making the support payments required by the divorce decree.

However, there was also evidence that the Kennedys did not hide from appellant and that he knew where they were and how to contact them, but failed to do so. Although there was testimony from appellant that he had attempted to locate his child for the purpose of providing support, there was uncontroverted evidence that he had not been current on child support payments since 1976.

Therefore, although the evidence was conflicting, there was evidence to support the trial court's finding that appellant had failed significantly, without justifiable cause, for a period of one year or more immediately prior to the filing of the petition for adoption, to provide for the care and support of his daughter as required by judicial decree. If there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. *Lanning v. Fiveash,* 147 Ga. App. 290 (248 SE2d 553) (1978); *Findley v. Sanders,* 153 Ga. App. 146 (1980).

2. Appellant's contention that the trial court's finding that the adoption is in the child's best interest was error is equally without merit and for the same reason. There was evidence that appellee was able to support and provide for the education of the child, that appellee was of good moral character, that appellant had made no efforts for lengthy periods of time to contact his daughter, and that appellant has a propensity for violent behavior. Since the evidence supports the trial court's finding, this court must affirm the judgment based upon such finding. *Lanning v. Fiveash,* supra.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 23, 1980.

*J. Samuel Choate, Jr., Mary G. Colley*, for appellant.
*Robert C. Daniel, Jr.*, for appellee.