## 59540. BURCH v. TERRELL.

DEEN, Chief Judge.

1. Ga. L. 1977, pp. 201, 211, provided that Code § 74-405 read in part: "Surrender or termination of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to adoption . . . pursuant to subsections (a) (3) or (a) (4) of Code section 74-403 in the case of a parent who has failed significantly without justifiable cause for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or make a bona fide attempt to communicate with the child, or (2) to provide

for the care and support of the child as required by law or judicial decree." When, by Ga. L. 1979, pp. 1182 et seq. the Adoption Code was amended, the above quoted provisions of Code § 74-405 were reincorporated therein designated § 74-405 (b) except that the words "without justifiable cause" were omitted. Whatever the reason for dropping this phrase, we do not construe it as depriving the trial court of a discretion in determining whether the action of the parent was in fact legally justifiable.

2. This is a stepfather adoption. The trial court in its decree found as a fact that the natural father had without justifiable cause in the year preceding this action made no attempt to communicate with the child (now aged 10 years), or to provide for his support as required by judicial decree, for which reason his consent to the action was unnecessary. The respondent in rebuttal introduced properly authenticated copies of the 1969 Ohio divorce decree between the parties, including an agreement made the judgment of the court which provided for custody in the mother, visitation rights in the father, and terms of child support. The decree was amended in 1975 by an order reciting service by certified mail and finding that the plaintiff refuses to grant visitation rights to the defendant because of which fact the court cancelled the support provisions of the decree until further order. The mother, while testifying she was not present at this hearing, did not deny service or attack the authenticity of the amendment to the decree. In *Moser v. Ehrman;* 244 Ga. 112 (259 SE2d 634) (1979) the Supreme Court held that the father's reliance on a written agreement between the parties, unsanctioned by the court, was yet sufficient to constitute "justifiable cause" for his failure to make such payments within the meaning of Code § 74-405. Obviously, in the absence of any attack on the Ohio amended decree it is entitled to full faith and credit in this state and is therefore in far greater degree a justifiable cause for the cessation of support payments. The finding of fact is accordingly error in this particular.

3. However, Code § 74-405 (b) places the circumstances relieving the petitioner of the necessity of proving consent in the disjunctive: either failure to communicate *or* to support. It is uncontested that the father did not in fact attempt to communicate with the child for at least a year preceding the adoption petition. His defense was that he was waiting until the child reached a more mature age in view of the circumstances (the mother's refusal to grant visitation rights, and her subsequent removal from Ohio to Georgia) and because he did not wish to be the cause of disharmony which might adversely prejudice his relations further.

We do not know what the decision of the trial court would have

been had it not considered the failure to support in making a decision in this case as to whether the father had forfeited his parental rights. We accordingly direct that the judgment be vacated and the case remanded for a decision by the trial judge as to whether there was justifiable cause for the failure to make a bona fide attempt to communicate with the child within the time limited.

*Judgment reversed with direction. Birdsong and Sognier, JJ., concur.*

ARGUED MARCH 5, 1980 — DECIDED APRIL 9, 1980.

*Dennis T. Cathey,* for appellant.
*T. Andrew Dowdy, Douglas W. McDonald,* for appellee.