## 61331. BAKER v. NICHOLSON et al.

SOGNIER, Judge.

Adoption proceedings. Baker is the natural father of two minor children. Appellee Lucy Nicholson, the childrens' mother, divorced appellant in June, 1977 and was awarded custody of the children. Appellant was ordered to pay $40 per week for child support. Lucy married Stanley Nicholson in July, 1977. Appellant was arrested in August, 1977 and subsequently plead guilty to multiple counts of burglary. He has been incarcerated in various penal institutions since the date of his arrest.

In August, 1979 appellees filed a petition for adoption, requesting that Stanley Nicholson be permitted to adopt the two minor children. Appellant filed an objection to the adoption, and a hearing was held in January, 1980 after which the trial court terminated appellant's parental rights and granted a final decree of adoption.

Appellant contends that the trial court erred in finding as a matter of law that appellant's consent was not required for the adoption because he had failed to provide for the care and support of his minor children, as required by judicial decree, and because of his failure to make a bona fide attempt to communicate with his children for one year prior to the filing of the adoption petition.

The evidence disclosed that appellant's last child support payment was made in July, 1977, and that appellant was arrested in August, 1977. In February, 1978 appellant provided $200 from his 1977 income tax refund to Lucy Nicholson's father to be used to purchase clothing and gifts for his children. The income tax refund was the only substantial sum of money received by appellant while he was incarcerated. The evidence also disclosed that although appellant did not write or telephone directly to the children or his former wife regarding the children, he communicated with other members of Lucy's family and with his own family about the welfare of the children. The evidence also disclosed that the children were ages five and four years old and were unable to read; that Lucy and Stanley Nicholson had no telephone until a year and a half prior to the hearing on the adoption petition; that appellant had limited access to the telephone for the purpose of making long distance phone

calls; and that appellant's children did not know how to use the telephone.

Code Ann. § 74-405 (b) provides: "Surrender or termination of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to the filing of a petition for adoption pursuant to subsections (a)(3) or (a)(4) of Code section 74-403 in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interest of the child." In *Burch v. Terrell,* 154 Ga. App. 299, 300 (267 SE2d 901) (1980), this court recognized that in cases such as this the trial court has discretion to find "justifiable cause" for the failure of a parent to support or communicate with his minor children within a twelve month period of time. As noted in *Burch,* the General Assembly in amending Code Ann. § 74-405 (b), omitted the words "without justifiable cause." However, "we do not construe it as depriving the trial court of a discretion in determining whether the action of the parent was in fact legally justifiable." *Burch,* supra, at 300. The court then directed that the case be remanded for a decision (finding of fact) by the trial judge as to whether there was justifiable cause for the parental failure.

We interpret *Burch* as holding that the trial court must make a finding of fact that the failure to support or communicate was *without justifiable cause* in order to demonstrate a full exercise of the trial court's discretion in adoption matters where parental rights are terminated. We, therefore, remand the instant case for this purpose. We are well aware of the constraints this places on the trial judge where, as here, we have a father who is by reason of his incarceration involuntarily prevented from supporting his children and involuntarily restricted in his communications with his children. While we remand to the trial court for a finding regarding justifiable cause, we would be remiss in the exercise of judicial economy to fail to note that there is a paucity of evidence to support a finding that appellant was without justifiable cause in failing to support or communicate with his children. To hold otherwise would subject every prisoner without independent means to the loss of his parental rights.

*Judgment reversed with direction. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 9, 1981.

*Thomas J. Killeen,* for appellant.
*Thomas E. Shanahan,* for appellees.