## 61778. KIRKLAND v. LEE.

CARLEY, Judge.

Appellant is the natural father of a minor child and the ex-husband of the child's mother. Appellee is the current husband of the child's mother and the stepfather of the child. Appellee filed a petition seeking to adopt the child, alleging that the surrender or termination of appellant's parental rights was unnecessary because "[h]e has failed significantly for a period of more than one (1) year immediately prior to the filing of this petition to communicate with the child, or to provide for the care and support of the child as required by a decree of this Court . . ." Appellant answered, opposing the petition and alleging that his attempts to communicate with and to support the child had been frustrated by her mother.

The trial court, after conducting a hearing on the adoption petition, found that appellant had not visited or supported his child since June of 1979 and that appellee, a "fit and proper person to have . . . custody," was "capable of assuming the responsibility for the care, supervision, training and education of [the] minor child . . ." The trial court further concluded that appellant had "failed significantly for a period of more than one (1) year immediately prior to the filing of the Petition" to communicate or to make a bona fide attempt to communicate with his child and to provide for her care and support and that it would be in the best interest of the child to be adopted by appellee. It is from the trial court's decree of adoption terminating all the rights of appellant to the child that the instant appeal is taken.

1. Appellant urges that the final judgment of adoption must be vacated and the case remanded because the trial court made no specific finding that the failure to communicate and support was "without justifiable cause." That phrase appeared in former Code Ann. § 74-405 (Ga. L. 1977, pp. 201, 211) which provided in part: "Surrender or termination of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to adoption . . . pursuant to subsections (a) (3) or (a) (4) of Code section 74-403 in the case of a parent who has failed significantly *without justifiable cause* for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree." (Emphasis supplied.) The phrase "justifiable cause" was judicially construed to be "substantially the same as 'justifiable reason' as it appears in Code § 30-219 providing for attachment for contempt for failure to pay alimony . . ." *Ehrman v. Moser,* 148 Ga. App. 857, 858

(253 SE2d 216) (1979), aff'd. 244 Ga. 112 (259 SE2d 634) (1979). Thus, in an adoption proceeding governed by the former statute if the natural parent demonstrated a "justifiable reason" for his failure to communicate or support, any possibility of a finding that his failure was "without justifiable cause" was thereby negated and a petition to adopt his child had to be denied. *Ehrman,* supra.

In 1979, however, former Code Ann., § 74-405 was stricken in its entirety and a new code section substituted in lieu thereof. Ga. L. 1979, pp. 1182, 1187. Code Ann. § 74-405 (b) as re-enacted in 1979 and as applicable in the instant case contains essentially the same language as the former statute with two exceptions. The new statute omits the former requirement that the parent's failure be "without justifiable cause" and, unlike the former statute, existing Code Ann. § 74-405 (b) has the additional requirement that "the court [be] of the opinion that the adoption is for the best interest of the child" whose parent has "failed significantly" to communicate with or provide support for him.

While it is unclear from the facts, apparently *Burch v. Terrell,* 154 Ga. App. 299 (267 SE2d 901) (1980) involved adoption proceedings instituted after the effective date of existing Code Ann. § 74-405 (b) but in which the trial court in its final order had specifically found as a fact that the natural father's failure to communicate with or provide support for his child was "without justifiable cause." This court, interpreting such a final order of adoption in light of existing Code Ann. § 74-405 (b), found that "[w]hatever the reason for dropping [the phrase 'without justifiable cause' in the statute], we do not construe it as depriving the trial court of a discretion in determining whether the action of the parent was in fact legally justifiable." *Burch,* 154 Ga. App. at 300, supra. Turning then to the trial court's specific finding that the failure to support had been "without justifiable cause," this court held in *Burch* that, as that clause in former Code Ann. § 74-405 had been interpreted, the finding was erroneous. Then, because it could not be determined what the decision of the trial court would have been had it *not* considered the parent's failure to support, the judgment granting adoption was vacated and the case remanded for the trial court to reconsider his original finding that there had been no justifiable cause for the parent's failure to make a bona fide attempt to communicate with his child within the appropriate time period. *Burch,* 154 Ga. App. at 300-301, supra.

Subsequently, in *Baker v. Nicholson,* 158 Ga. App. 267 (279 SE2d 717) (1981), *Burch* was interpreted "as holding that the trial court must make a finding of fact that the failure to support or communicate was *without justifiable cause* in order to demonstrate a

full exercise of the trial court's discretion in adoption matters where parental rights are terminated." Relying on this interpretation of *Burch, Baker* reversed a final order of adoption which had not specifically made a finding of fact that the parent's failure to communicate with or provide support had been "without justifiable cause" and remanded the case with direction that the trial court make a finding "regarding justifiable cause." Thus, *Baker* and *Burch* stand for the proposition that under existing Code Ann. § 74-405 (b) the trial court *must* make a specific finding that the parent's failure to communicate with or support his child was "without justifiable cause" in a final order granting adoption. If this interpretation of Code Ann. § 74-405 (b) in *Baker* and *Burch* is correct appellant is likewise correct in his assertion that the final order in the instant case granting the adoption of his child must be vacated and remanded. The trial judge found only that appellant had "failed significantly" to communicate with or to support his child and that adoption by appellee would be in the best interest of the child. We believe, however, that *Baker* and *Burch* misinterpreted Code Ann. § 74-405.

It is readily seen that if the interpretation of Code Ann. § 74-405 (b) in *Baker* and *Burch* is correct the "without justifiable cause" language is again part of the statute, though an unwritten part, and the child of a parent who has "failed significantly" to communicate with or provide support for him may not be adopted unless that significant failure is also specifically found to be "without justifiable cause." However, it is indisputable that the legislature specifically *omitted* any requirement that a parent's significant failure in this regard be found to be "without justifiable cause." It must be presumed that the legislature when enacting existing Code Ann. § 74-405 (b) had knowledge of the requirement of former Code Ann. § 74-405 and *intended* to delete the requirement that a parent's significant failure to communicate with or to provide support for his child further be "without justifiable cause" and that such a finding is no longer a prerequisite to an adoption without the consent of the natural parent. See generally *Webb v. Alexander,* 202 Ga. 436 (1) (43 SE2d 668) (1947). The rule applicable to the interpretation of a reenacted statute such as Ga. L. 1979, pp. 1182, 1187, is that " '. . . this declaration by the General Assembly, being the last expression of its intention as to what shall be the law of the State, absolutely controls . . .' " *Osborne v. Ridge View Associates,* 238 Ga. 377, 378 (233 SE2d 342) (1977). It is the "cardinal or preeminent rule" of statutory construction that this legislative intent be given effect. *Ford Motor Co. v. Abercrombie,* 207 Ga. 464 (1) (62 SE2d 209) (1950). "The new statute made no attempt to re-enact the old provision, although the legislature knew at the time that the old law [required the failure to

be found to be "without justifiable cause."] Could it be said that the legislature intended to abandon its own language, . . ., and take the chance that the [new statute] would be construed to mean the same thing, and this notwithstanding the fact that the members of the General Assembly knew that the rules of construction require that [the language of the new statute] be given its natural and ordinary meaning which [does] not include ["without justifiable cause"]? . . . The purpose or wisdom in repealing and refusing to re-enact [former Code Ann. § 74-405 as worded] is a matter for the exclusive determination of the legislature and is no legitimate concern of the judiciary. [Cits.]" *Thompson v. Eastern Air Lines,* 200 Ga. 216, 223-224 (36 SE2d 675) (1946). "[I]t is the province of the General Assembly, and not of the courts, to declare what shall be the public policy of this State . . ." *Hightower v. Hollis,* 121 Ga. 159, 161-162 (48 SE 969) (1904). "[T]he courts in construing a statute can neither add to nor take away from it. [Cits.]" *State Revenue Com. v. Alexander,* 54 Ga. App. 295, 296 (187 SE 707) (1936).

Applying the foregoing rules of statutory construction to existing Code Ann. § 74-405 (b), we conclude that *Burch* and *Baker* are incorrect and must be overruled insofar as they require a *specific* finding that a parent's significant failure was "without justifiable cause" as an absolute prerequisite to the entry of a decree of adoption under that statute. The intent of the legislature in enacting Ga. L. 1979, pp. 1182, 1187, clearly was to omit any such requirement and to substitute the "best interest of the child" as a criterion for the adoption determination. Since "the law *presumes* that it is in the child's 'best interest' to be with his parent if the parent is not unfit . . ." (*Larson v. Gambrell,* 157 Ga. App. 193, 195 (276 SE2d 686) (1981)) it is apparent that in enacting existing Code Ann. § 74-405 (b), the legislature intended that in adoption proceedings any issue of a natural parent's justification for his "significant failure" to support or communicate with his child be subsumed into and resolved in the context of whether the severance of the parental relationship would be in the "best interest of the child." Existing Code Ann. § 74-405 (b), as thus construed, makes a finding that an adoption is in the "best interest of the child" tantamount to a finding that the presumption in favor of the continued rights of the natural parent has been rebutted and that the parental relationship should nonetheless be severed because of the parent's "significant failure" to communicate with or provide support for his child. This interpretation of the statute does not leave the natural parent defenseless in the face of a prima facie showing of his failure to communicate with or provide support for his child for a period of 12 months or longer. It merely obviates the need for a *specific* finding on the issue of the parent's "justifiable cause"

for the failure when a finding that the adoption would be in the "best interest of the child" has otherwise been made. "The alleged words, 'without justifiable cause,' do not appear in the statute." *Chandler v. Cochran,* 247 Ga. 184, 187 (275 SE2d 23) (1981).

Under this interpretation of the statute, no trial court should grant and no appellate court should affirm an order of adoption where the uncontroverted evidence demands a finding that the natural parent was entirely blameless in failing to communicate with or to provide support for his child. In such a case the presumption that it would be in the best interest of the child to maintain the existing relationship with his natural parent remains unrebutted. However, under the existing statute if, after hearing all the evidence, including that concerning the natural parent's justification for his actions or inactions, the trial court determines that there was a "significant failure" to communicate with or to provide support for the child and that it would be in the "best interest" of that child to be adopted, the trial court should make appropriate findings in that regard and enter an order granting the adoption. On appeal the natural parent is entitled to urge that the order is erroneous for whatever reasons believed to be meritorious. Citing evidence to support the assertion that he was "justified," the natural parent is entitled to enumerate as error on appeal the trial court's evidentiary finding that it was in the "best interest of the child" to have the parental relationship terminated. If there is any evidence to support the trial court's finding that the adoption was in the child's "best interest," a judgment based upon that finding will be affirmed on appeal. *Beverly v. Kennedy,* 153 Ga. App. 149, 150 (2) (264 SE2d 690) (1980). However, it is apparent that in enacting Ga. L. 1979, pp. 1182, 1187, the General Assembly intended that no order of adoption ever be reversed for the reasons expressed in *Burch* and *Baker,* and the failure of the trial court to make a further specific finding on the issue of "justifiable cause" is no longer a meritorious ground for reversal. Accordingly, those two decisions are overruled insofar as they hold that, in the full exercise of his discretion the trial court must make a *specific* finding that the parent's failure was "without justifiable cause" before granting a petition of adoption under existing Code Ann. § 74-405 (b).

Under the proper construction of the statute, an order granting an adoption need only contain specific and articulated findings that the parent "has failed significantly" for a one year period to communicate with or provide support for his child and that the adoption would be in the child's "best interest." These findings were made in the instant case. Pretermitting appellant's assertion on appeal, these findings are not rendered erroneous by the fact that he

presented evidence that he voluntarily discontinued to support or communicate with his child because of discouragement by the child's mother. See *Prescott v. Judy,* 157 Ga. App. 735 (278 SE2d 493) (1981). "It is well settled that no person can object to the natural consequences of his own act voluntarily performed." *Chandler v. Cochran,* 247 Ga. 184, 187 (6), supra. From our review of the entire record in this case, we find evidence to support the finding of the trial court. *Beverly v. Kennedy,* supra. There is no merit in the contention that the case must be remanded for a specific finding on whether appellant had "justifiable cause" for his actions or inactions.

2. After the petition for adoption was filed in the instant case, appellant's ex-wife, the child's mother, filed garnishment proceedings to collect delinquent child support payments due to her pursuant to a prior divorce decree on which a fi. fa. had been issued. At the date of the hearing on the adoption no answer was due or had been filed by the garnishee. Appellant testified at the adoption hearing that he did not plan to contest or to intervene in the garnishment proceeding. Appellant asserts on appeal that the trial court erroneously concluded that "[t]he Garnishment proceedings by the mother to collect past due support for said minor child having been initiated subsequent to the filing of the Petition for Adoption, has no bearing on the matter [of the adoption]." Appellant contends that to the contrary "the payment of the funds held by the [garnishee] to the mother would have reduced [appellant's] arrearage from [$1,160.00] to approximately [$140.00], which would mean that he will have paid to the mother all but seven out of the fifty-eight weeks that he is alleged to be behind. It means that one ground upon which appellant's parental rights were terminated, non-payment of support, will no longer exist."

We find appellant's argument to be without merit. Code Ann. § 74-405 (b) (2) speaks in terms of a "parent who has failed significantly for a period of one year or longer *immediately prior to the filing of the petition for adoption . . .* to provide for the care and support of the child as required by law or judicial decree . . ." (Emphasis supplied.) "[A]n offer to pay the arrearages comes too late after the filing of the petition for adoption. [Cit.]" *Plymel v. Adams,* 132 Ga. App. 621, 622 (208 SE2d 627) (1974). Appellant urges that in the instant case, unlike *Plymel,* the child's mother, by instituting the garnishment action, should be considered as having "accepted" the delinquent child support payments and that appellant should therefore have been deemed to have significantly "paid" his child support obligations. Assuming, without deciding, that such sums as the child's mother might receive pursuant to the garnishment proceeding should be considered as appellant's "payment" of delinquent child

support, such payment, coming after the filing of the adoption petition, is too late for appellant to rely upon it as evidence that he did not significantly fail to provide child support. "[P]ayment after [the filing of the petition for adoption does not] restore the requirement of [the parent's] written consent to the adoption. [Cits.] Rights of the parties are generally fixed as of the time the petition is filed and served." *Hamrick v. Seward*, 126 Ga. App. 5, 10 (189 SE2d 882) (1972).

*Judgment affirmed. Quillian, C. J., Birdsong and Pope, JJ., concur. McMurray, P. J., Shulman, P. J., and Birdsong, J., concur specially. Deen, P. J., Banke and Sognier, JJ., dissent.*

DECIDED NOVEMBER 20, 1981.

*Daniel MacDougald III,* for appellant.
*Willard H. Chason,* for appellee.

SHULMAN, Presiding Judge, concurring specially.

When I first reviewed *Baker v. Nicholson,* 158 Ga. App. 267 (279 SE2d 717), I considered it an appropriate procedural adjunct to *Burch v. Terrell,* 154 Ga. App. 299 (267 SE2d 901), and concurred without reservation. Now, however, I find myself convinced by the majority opinion that the better course is to refrain from judicial legislation while preserving for a parent faced with a prima facie showing of a significant failure to support or communicate, the opportunity to demonstrate that the failure is not properly attributable to the parent's fault and an opportunity to urge on the appellate level that an adverse decision on that issue is erroneous.

The majority overrules *Burch* only insofar as it has been interpreted to hold that a specific finding of a lack of justifiable cause is required in every order granting a contested adoption. There still remains in effect the holding in *Burch* that a trial judge has the discretion to determine "whether the action of the parent was in fact legally justifiable." Id., p. 300. The reservation of such discretion in the trial court is demanded by concepts of justice and fairness and is "necessary and desirable." *Chandler v. Cochran,* 247 Ga. 184, 187 (275 SE2d 23). Where the courts are called upon to sever the strongest relationship known to humankind, no legal safeguards or requirements should be abandoned, curtailed or limited. However, the majority is correct in pointing out that the establishment of legal standards such as those here involved is properly within the province of the legislature, not the courts. As I read the majority opinion in this case, it protects the rights of parents without encroaching on the

prerogative of the legislature to establish the standard by which the courts determine whether a contested adoption is to be granted.

I believe that the fears expressed in the dissent regarding the application of the "any evidence" rule are unfounded. In the first place, the application of that appellate review standard is not new. In the second place, the application of that rule by the majority is not inconsistent with its holding that evidence of justification must be considered at the trial and appellate levels. Under the majority's interpretation of the phrase "the best interests of the child," lack of justification becomes an element of "the best interests of the child" in every case in which evidence of justification is offered. Therefore, in such a case, if there is *no* evidence of a lack of justification, a finding that the adoption is in the best interests of the child could not be affirmed under the "any evidence" rule. It may be seen, then, that the parent is afforded the same protection under the amended statute as under the previous statute.

I also find myself unable to share the concern expressed in the dissent that this court will be unable to determine whether a trial judge has exercised the discretion involved in these cases unless a particular phrase is used in an order granting an adoption. This court must have confidence in the trial judges of this state. From the date of this decision onward, they will be on notice of the correct standard to apply in cases such as this one. The majority clearly places on the trial judges the duty to consider whatever evidence the natural parent may offer in justification. If such evidence is offered and the adoption is still granted, it may be presumed that the trial court has done its duty — has exercised its discretion — and appellate review would proceed on that basis. Of course, it must be remembered that, although we will have the evidence before us in support of justification and in rebuttal thereof, the trial court will have had the opportunity to view the witnesses and to assign weight to their testimony based on demeanor and other intangible factors not available to us. Our review will be limited, as it was under the former statute, to the sufficiency of the evidence.

Although I would have preferred that the legislature not change the former statutory provision to remove the phrase, "without justifiable cause," it has been done. We in the judiciary must not take license with the handiwork of the legislature. Our role is to work within the framework provided by that branch of government to ensure that justice is done. It is my opinion that the majority, by making a lack of justifiable cause an element of the phrase, "best interests of the child," has accomplished that goal: the statute is now interpreted in a way consistent with the rules of statutory construction and the rights of natural parents are preserved. For that

reason, I concur in the majority's interpretation of Code Ann. § 74-405 (b).

After a thorough review of the record in this case, I concur also in the conclusion in the majority opinion that the evidence in this case supports the trial judge's finding that adoption is in the best interests of the child, bearing in mind that that statement includes a finding that appellant's failure to support or communicate with his child was not justified.

For all the reasons expressed herein, I concur in the majority opinion's interpretation of Code Ann. § 74-405 (b), in its treatment of *Baker v. Nicholson,* supra; and *Burch v. Terrell,* supra, and in the affirmance of the trial court's judgment granting the adoption in this case.

I am authorized to state that Presiding Judge McMurray and Judge Birdsong join in this special concurrence.

DEEN, Presiding Judge, dissenting.
### I.
### *As to Burch*

I must respectfully beg to differ from the majority opinion in its construction of *Burch v. Terrell,* 154 Ga. App. 299 (267 SE2d 901) (1980), to the extent that it holds that "*Burch* stands for the proposition that under existing Code Ann. § 74-405 (b) the trial court *must* make a specific finding that the parent's failure to communicate with or support his child was 'without justifiable cause,' " in the apparent belief that such would apply to all future cases involving Code Ann. § 74-405 (b). *Burch* did not so hold and if it had the statement would have been obiter. The language dropping "without justifiable cause" became effective on July 1, 1979. The court's order in this adoption case, which was entered on August 6, 1979, was written with reference to the former law and made a finding of fact that the father had failed to communicate "without justifiable cause" during the preceding year. All this court stated was: "Whatever the reason for dropping this phrase, we do not construe it as depriving the trial court of a discretion in determining whether the action of the parent was in fact legally justifiable." This was in answer to appellant's contention in that case that the presence of the words "without justifiable cause" deprived the trial court of any discretion in construing the facts and rendering a decision. It is therefore in my opinion a misconception of *Burch* to hold that "it holds the trial court *must* make a specific finding" of lack of justifiable cause in every case henceforth. What *Burch* actually held was that the *trial court's statement* that the act *was in fact* without justifiable cause did not render the opinion in that case erroneous. Judge Shulman in the

present case supports this principle in citing *Chandler v. Cochran,* 247 Ga. 184, 187 (275 SE2d 23) (1981), which points out that the reservation of such discretion in the trial court is necessary and desirable. This is exactly the position taken by *Burch.* When the father's visitation rights in *Burch* were refused by the mother, the Ohio court cancelled the support provisions of the father until further order. This court held cessation of support payments was justified under these undisputed facts, but, remanded the case for a new decision under paragraph (1) as to whether a bona fide attempt to communicate with the child was made (excluding the failure to support evidence) using the same court discretion and criteria guidelines of determining justifiable cause as originally used by the trial court when first considering (1) and (2). We believe that was justifiably a good and correct holding then, and, indubitably it is a misconstruction, misinterpretation and mistake to now overrule *Burch* for something it does not say and on a point of law not therein represented.

## II.
### As to Parental Rights

Parental and family rights are fundamental unalienable immutable superior rights acting as limitations when colliding against the inferior powers of the legislative, executive and judicial branches of the state. The latter, in order to supersede the former, must have a "compelling interest" (free exercise) or there must exist a "clear and present danger" (free speech) and other similar burdensome tests on the state in areas of public health, safety and morality wherein these fundamental rights of citizens are sought to be severed, curtailed or denied. ". . . The child is not the mere creature of the State; those who nurture him and direct his destiny have the *right, coupled with the high duty,* to recognize and prepare him for additional obligations." (Emphasis supplied.) Pierce v. Society of the Sisters, 268 U. S. 510, 535 (45 SC 571, 69 LE 1070) (1925). "It is cardinal with us that the *custody,* care and nurture of the child reside *first in the parents,* whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." (Emphasis supplied.) Prince v. Commonwealth of Massachusetts, 321 U. S. 158, 166 (64 SC 438, 88 LE 645) (1943). The rights of parents, child and family are found in the "Right of Privacy" contained in and around the periphery, penumbras and emanations of the 1st Amendment in addition to the procedural and substantive due process safeguards of the 14th Amendment and 3rd, 4th, 5th and 9th Amendments. Griswold v. Connecticut, 381 U. S. 479 (85 SC 1678, 14 LE2d 510) (1965).

The whole court case of *Chancey v. Dept. of Human Resources,*

156 Ga. App. 338 (274 SE2d 728) (1980) established that the issue of severing parental rights based on fitness or parental fault unfitness or incapacity of the parent is a separate issue from the judge finding such action in the best interest of the child. The court specifically held parental rights may not be terminated solely upon the latter finding. Permissible guidelines were approved in this case including, but not limited to, phrases such as "detrimental and egregious parental misconduct" — "gross misconduct or some physical or mental disability" authorizing unfitness — "intentional or unintentional misconduct." None of this particular wording is contained in the statute. Whether the trial judge bases his findings as to compliance with a fitness or unfitness charge or statute requiring the support of a child, or whether the parent made a bona fide attempt to communicate with the child, the discretion of the trial judge must allow some guidelines such as "without justifiable cause" — "justified" — or "entirely blameless" as suggested by the majority opinion, the latter of which is not in the statute, or "not properly attributable to the parent's fault" suggested by Presiding Judge Shulman in his special concurrence, the latter also not appearing in the statute — as a separate test from the "best interest of the child" determination.

## III.
### (1) & (2) of Code § 74-405 (b)

The majority opinion is predicated upon the presupposition that the additional wording in the statute "and the court is of the opinion that the adoption is for the best interest of the child" is applicable to both Sections (1) and (2) of Code § 74-405 (b). The words eliminated from the code section "without justifiable cause" did precede Sections (1) and (2), and no one questions the applicability of the words eliminated to both sections. The General Assembly in eliminating the old wording and inserting new wording, "best interest of the child," could have included the latter as preceding and applicable to both Sections (1) and (2), but it only included the new wording under (2), and the wording does not appear in Section (1). It would be reasonable to assume that the legislature intended to require this additional consideration of the "best interest of the child" to be another finding by the court as to Section (2), but not Section (1). At the very least it can be said that this new wording "best interest of the child" is ambiguous as to whether it modifies only (2), or, (1) and (2).

It is indisputable that the General Assembly specifically elected to delete language preceding Sections (1) and (2) and the new wording omitted from the location of the wording deleted and likewise specifically placed the new wording under Section (2). It

must be presumed that the General Assembly therefore, when making this change, *intended* that the requirement that a parent's significant failure to communicate with his child be totally separate and apart from the new requirement "best interest of the child." This expression by the legislature is clear: " '. . . this declaration by the General Assembly, being the last expression of its intention as to what shall be the law of the State, absolutely controls . . .' " *Osborne v. Ridge View Assoc.*, 238 Ga. 377, 378 (233 SE2d 342) (1977). It is the "cardinal or preeminent rule" of statutory construction that this legislative intent be given effect. *Ford Motor Co. v. Abercrombie*, 207 Ga. 464 (1) (62 SE2d 209) (1950). The court cannot question the purpose or wisdom in refusing to place the new requirement "best interest of the child" as applicable to and preceding Sections (1) and (2). This is a matter for the exclusive determination of the legislature, and is of no legitimate concern to the court. *Thompson v. Eastern Air Lines,* 200 Ga. 216, 223-224 (36 SE2d 675) (1946). "[T]he courts in construing a statute can neither add to nor take away from it. [Cits.]" *State Revenue Com. v. Alexander,* 54 Ga. App. 295, 296 (187 SE 707) (1936).

In applying the above rules of statutory construction to this code section, the majority cannot engraft a new test of whether "the natural parent was entirely blameless" in failing to communicate with his child as somehow included and a part of a presumption existing in favor of the continued rights of the natural parent when the court concludes his finding relating to the "best interest of the child." The majority in effect erroneously concludes that the "best interest of the child" presupposes a finding of "justifiable cause" or unjustifiable cause, but it obviates the need for the court to make a specific finding on this issue. As pointed out by Judge Sognier in his dissent, the majority's construction and new rule of obscure vague verbiage dilutes and erodes the parent-child defense and constitutes no less judicial usurpation of a legislative prerogative than continued use of with or without justifiable cause. In addition, it compounds the work of the trial and appellate courts with complex guidelines with which I must respectfully disagree. Were this a case involving a routine dog-bite civil case or a peeping tom criminal case, the parties would be entitled to a trial by jury as a matter of right while presenting their defense. Where, as here, parental rights are hanging in the balance and may be terminated, the parent is not entitled to a jury trial, but, this in no way requires us to narrow the guidelines as to permitting a broad, complete and full opportunity to have their day in the trial court and for the appellate court in making its review to clearly understand the findings of the court below of parental defense justifications.

## IV.
### As to Baker

It is my belief that Presiding Judge Shulman and Judges Birdsong and Sognier were correct in extending the use of ". . . without justifiable cause in order to demonstrate a full exercise of the trial court's discretion . . ." even without statutory authority, in the case of *Baker v. Nicholson,* 158 Ga. App. 267, 268 (279 SE2d 717) (1981), in order to see that justice was done. *Green v. Coast L. R. Co.,* 97 Ga. 15, 36, 37 (24 SE 814) (1895). It has been said that when an issue is once clearly stated the answer is immediately apparent and forthcoming. It is fair to state the question: Should this court adopt and approve as guidelines (1) the natural parent was partially or ". . . entirely blameless in failing to communicate with . . ." plus the justifiable cause material issue subsumed into "best interest of the child" irrespective of the ambiguity as to the latter modifying "failing to communicate" (Carley); (2) ". . . not properly attributable to the parent's fault," plus, justifiable cause subsumed into "best interest of the child," plus, "there still remains in effect the holding in *Burch* that a trial judge has the discretion to determine 'whether the action of the parent was in fact legally justifiable' " (Shulman); (3) "without justifiable cause" (Sognier); (4) gross or ". . . intentional or unintentional misconduct . . ." (Banke in *Chancey,* supra)? None of the above phrases per se are set forth in the statute. It might be further argued that the words "or to make a bona fide attempt to communicate" and "without justifiable cause" are synonymous, that is, if the parent fails to do the former he has failed in the latter. The former is a minimum requirement of a specific act a parent must meet and the latter is a guideline for the weight or quantum of evidence relative to the success or failure of the parent as to this statutory charge of conduct.

It is my opinion we should not overrule the safer and sounder rule set forth in *Baker,* supra, as it is a clear, concise court guideline.

## V.
### Evidence in this Case

The defense of with or without justification was raised by appellant but not addressed by the court. The record reflects testimony by the mother to the effect that appellant was evicted from his apartment because he brought a black woman home, that he would take a bath with the minor child, and that the child would come back to the mother with kinky, frizzy pigtails in her hair put there by Daddy's black friend. The father testified that he ceased paying child support when he was refused visitation. He further testified he put the support money into a Bible for the child when the mother might call for it, producing it to the court for examination. He claims he did

not and would not resist the garnishment because of his desire to support the child. It cannot be said as a matter of law that a factfinder could not find that the appellant had "failed significantly for a period of 12 months to communicate with or support his child," but the failure was *with justifiable cause.* We must confront this issue no less than deciding "best interest of the child." See *Burch,* supra. I concur with and agree with all that is said in Judge Sognier's dissent and would reverse accordingly.

SOGNIER, Judge, dissenting.

I respectfully dissent from that portion of the majority's opinion which overrules *Baker v. Nicholson* and *Burch v. Terrell,* and also dissent from the majority's interpretation of Code Ann. § 74-405 (b).

The majority opinion holds that the trial court need not make a specific finding that a parent responding to a petition for adoption is without justifiable cause in failing to communicate with or support his child for a period of 12 months, reasoning that because the phrase "without justifiable cause" was stricken from the language of the statute (Ga. L. 1979, pp. 1182, 1187), there is no longer a requirement that the trial court make a finding in this regard when parental rights are terminated pursuant to an adoption. I do not agree.

*Burch* held that although the legislature deleted the phrase "without justifiable cause" from Code Ann. § 74-405 (b), where the trial court had made such a finding it is not deprived of its discretion to determine whether the parent's action was in fact legally justifiable. In *Baker,* we interpreted this to mean that the trial court must make a finding of fact regarding justifiable cause in order to demonstrate a full exercise of its discretion when such an issue is raised by the natural parent. The majority opinion holds that we should overrule this requirement because it is not articulated in the statute.

In 1979 the legislature amended Code Ann. § 74-405 (b) (Ga. L. 1979, 1182, 1187) to provide: "Surrender or termination of parental rights . . . shall not be required as a prerequisite to the filing of a petition for adoption . . . in the case of a parent who has failed significantly for a period of one year or longer . . . (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child . . . and the court is of the opinion that the *adoption is for the best interest of the child.*"[1] (Emphasis supplied.)

---

[1] I note that under our Juvenile Court Code which provides for termination of parental rights (Code Ann. Ch. 24A-32), a wanton or wilful failure to support is

Pursuant to the language of the statute regarding "the best interest of the child," the majority opinion has recognized a presumption in favor of the natural parent. According to the majority opinion, a finding by the trial court that the adoption is in the child's best interest is "tantamount to a finding that the presumption in favor of the continued rights of the natural parent has been rebutted." Thus, reasons the majority, it is not necessary to make a finding that a failure on the part of the natural parent is "without justifiable cause." While we agree that a presumption in favor of the natural parent exists, we cannot agree that a finding that the adoption is in the best interest of the child obviates the need for a finding on the issue of a parent's justifiable cause for failure to communicate with or support his child.

As the majority opinion points out, the law presumes that it is in the best interest of a child to be with his natural parent. This presumption can be rebutted under the provisions of Code Ann. § 74-405 (b) by showing that a parent has failed significantly for 12 months to communicate with or support his child. Once this prima facie showing is made, the majority's position is that the presumption is rebutted and the adoption should be granted. However, the majority opinion goes on to say that "no trial court should grant and no appellate court should affirm an order of adoption where the uncontroverted evidence demands a finding that the natural parent was entirely blameless in failing to communicate with or to provide support for his child." Thus, evidence of justifiable cause would be permissible as a defense to the petitioner's prima facie showing, and in such a case, the presumption in favor of the natural parent would be unrebutted. The burden would then shift to the petitioner to present further evidence that the natural parent's failure was not justified or at least that it was not credible and that the adoption should be granted. I do not disagree with this procedure.

While the majority opinion recognizes the presumption in favor of the natural parent and includes the defense of justifiable cause as a part of the judgment of the trial court in deciding whether the adoption is in the child's best interest, the end result of the opinion is to dilute the defense and undercut the presumption. The majority would hold that once the trial court finds that the adoption is in the child's best interest, it has *automatically* found that there was no justifiable cause for the parent's failure to communicate with or

---

required. In *Chancey v. DHR,* 156 Ga. App. 338, 340 (274 SE2d 728) (1980), we specifically overruled cases where parental rights were terminated *solely* upon a determination that such action was in the best interest of the child, without any evidence of parental fault or incapacity.

support the child, and no specific finding need be made. I believe this holding is erroneous for a number of reasons.

First, the "any evidence" rule applies to appellate review of adoptions. *Beverly v. Kennedy,* 153 Ga. App. 149, 150 (264 SE2d 690) (1980). If there is any evidence to support the trial court's finding that the adoption is in the child's best interest, it will be affirmed. The danger in applying this rule *without* a requirement that a specific finding be made on justifiable cause is that the trial judge would have unrestricted discretion to determine what is in the best interest of the child. It is inconsistent to hold, on the one hand, that appellate review includes consideration of evidence on justifiable cause and the case is reversible if it is not considered, and on the other hand, to hold that the case will be affirmed if there is *any* evidence to support the judgment. How can an appellate court know whether evidence of justifiable cause has been considered by the trial court without some indication of this in the trial court's findings of fact? If there is uncontroverted evidence of justifiable cause and there is no finding in this regard, under the majority's view the appellate court must reverse. However, an appellate court *cannot* reverse if there is *any* evidence that the adoption is in the best interest of the child. Such an inconsistency may create confusion in the required standard of review to be followed by appellate courts, as well as confusion in guidelines for the trial courts making decisions in adoption cases.

Second, the majority opinion, while recognizing that a parent's justifiable cause for failure to communicate with or support his child is *a material issue* in the granting of an adoption (albeit "subsumed" into the "best interest of the child" language), then holds that there is no need for the trial court's findings to reflect that it considered this material issue. Again, how can an appellate court know if such evidence was considered and rejected, or considered and found wanting, if there is no finding to this effect? Under the majority's reasoning, if there is uncontroverted evidence that the natural parent has a justifiable reason for his failure to communicate with or support his child, the appellate court must reverse, *unless* there is any evidence to support the trial court's findings that the adoption is in the best interest of the child. Once again, I find confusion and inconsistency in the majority's requirements. A *finding* by the trial court regarding justifiable cause would not only clarify the decision of the trial court, but give appellate courts a more precise decision to review.

" ' "Where the trial court fails to make findings, *or to find on a material issue,* and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made" 5A Moore, Federal Practice Par. 2718, 52.06[2],

(2d Ed. 1953). [cases cited].' *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154)." *Bituminous Cas. Corp. v. J. B. Forrest & Sons,* 132 Ga. App. 714, 720 (209 SE2d 6) (1974). Since the gravamen of appellant's defense in the instant case is his justifiable cause for failure to communicate with or support his child, the findings of fact and conclusions of law are deficient by failing to resolve a material issue. See *White v. Johnson,* 151 Ga. App. 345, 349 (259 SE2d 731) (1979). It cannot be doubted seriously that the issue of justifiable cause should be included in the trial court's findings of fact and conclusions of law where such a defense is raised, and where evidence on this material issue is presented.

Third, the facts in the instant case illustrate the deficiency of a failure to find justifiable cause. According to the majority opinion, the appellant has the benefit of a presumption that it is in his child's best interest not to terminate appellant's parental rights and grant the adoption. Appellee presented evidence that appellant had failed to communicate with or support his child in the 12 months preceding the adoption petition. Appellant then presented evidence that he had been told by the child's mother that she didn't need support from appellant, that she did not want appellant around in any way, and that she had denied appellant his visitation rights. Such evidence has been held to be justifiable cause for failure to communicate with and support a child. See *Crumb v. Gordon,* 157 Ga. App. 839 (278 SE2d 725) (1981); *Richey v. Cothran,* 140 Ga. App. 580 (231 SE2d 572) (1976). These allegations were not denied by appellee; i.e., they remain uncontroverted. No findings of fact were made regarding this evidence. Rather, the trial court simply found that appellant had "failed significantly" for a period of 12 months to communicate with or support his child and that the adoption was in the best interest of the child.

If we apply the majority's reasoning, we must reverse because there is uncontroverted evidence that appellant was justified in failing to communicate with or support his child. I believe the case should be reversed and remanded to the trial court, not only because the evidence fails to support the judgment, but also because there was no finding with regard to a material issue in the case.

While the majority has *implicitly* restored the "without justifiable cause" standard via the "best interest of the child" language of the statute, it has at the same time sufficiently undercut the requirement so as to make it meaningless. Therefore, I would restore the standard *explicitly* and give our trial courts clear and consistent guidelines to follow in making decisions regarding adoptions where parental rights are terminated.

I am authorized to state that Presiding Judge Deen and Judge

Banke join in this dissent.