## 65563. LUMPKIN v. COOK.

CARLEY, Judge.

Appellant is the natural father of two minor children and the ex-husband of the children's mother. Appellee is the current husband of the children's mother and the stepfather of the children. Appellee filed a petition seeking to adopt the children and, after a hearing, the adoption was granted. Appellant appeals.

1. Appellant first asserts that the order granting the adoption is deficient in that it does not "contain specific and articulated findings

that . . . the adoption would be in the [children's] 'best interest.' " *Kirkland v. Lee,* 160 Ga. App. 446, 450 (287 SE2d 365) (1981). Our review of the order demonstrates that it is in sufficient compliance with the statutory requirements of OCGA § 19-8-6 (b) (Code Ann. § 74-405).

Appellant also asserts that if, as we have found, the order is procedurally sufficient, then the finding that the adoption would be in the "best interest" of the children was not substantively authorized by the evidence. The argument advanced in support of this proposition is that appellant was justified in failing to support or communicate with his children for over a year because of the discouragement of his ex-wife, the children's mother.

"Citing evidence to support the assertion that he was 'justified,' the natural parent is entitled to enumerate as error on appeal the trial court's evidentiary finding that it was in the 'best interest of the child' to have the parental relationship terminated. If there is any evidence to support the trial court's finding that the adoption was in the child's 'best interest,' a judgment based upon that finding will be affirmed on appeal. [Cit.]" *Kirkland v. Lee,* supra, at 450. The facts as found by the trial court in the instant case authorized the conclusion that it would be in the "best interest" of the children to be adopted by appellee. See generally *In re C.C.B.,* 164 Ga. App. 3, 6 (4) (296 SE2d 198) (1982). "[T]hese findings are not rendered erroneous by the fact that [appellant] presented evidence that he voluntarily discontinued to support or communicate with his [children] because of discouragement by the [children's] mother. [Cit.] 'It is well settled that no person can object to the natural consequences of his own act voluntarily performed.' [Cit.] From our review of the entire record in this case, we find evidence to support the finding of the trial court. [Cit.]" *Kirkland v. Lee,* supra at 450-451.

2. Appellant asserts that the trial court erroneously considered evidence of his failure to support or communicate with his children occurring *subsequent* to the filing of appellee's adoption petition. It is true that in *Kirkland,* such post-petition actions on the part of the natural parent were held as coming "too late for appellant to rely upon . . . as evidence that he did not significantly fail to provide child support [or to communicate with his child.] . . . 'Rights of the parties are generally fixed as of the time the petition is filed and served.' [Cit.]" *Kirkland v. Lee,* supra at 451 (2). By the same token, it would appear that post-petition evidence of a natural parent's failure in this regard would likewise be irrelevant in an adoption case. However, in the instant case it does not appear that, at the hearing, appellant objected to the evidence that he now asserts was erroneously considered by the trial court. " 'It is well established that objections

to evidence cannot be raised for the first time on appeal. (Cit.)' [Cit.]" *Merry Shipping Co. v. Sparks,* 160 Ga. App. 376, 378 (287 SE2d 92) (1981). The evidence otherwise supports the trial court's finding that appellant significantly failed to support or communicate with his children during the relevant time period of one year prior to the filing of the adoption petition.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1983.

*Michael C. Eubanks,* for appellant.
*Hoke J. Thomas, Jr.,* for appellee.