A89A1105. KEYS v. ANKERICH et al.
(386 SE2d 736)

CARLEY, Chief Judge.

Appellant is the natural mother of a minor child. Appellees are the paternal grandparents of the child. In 1985, permanent custody of the child was awarded to appellees. Appellant was awarded visitation

rights and was required to pay $15 per week in child support. Two years later, appellees initiated the instant adoption proceedings. In their petition, appellees alleged that appellant's consent was unnecessary because of her significant failure in the preceding year to pay the court-ordered child support. At the hearing on appellees' petition, appellant conceded that she had not made any court-ordered support payments during the relevant time period. However, she did offer evidence purporting to justify her failure to have done so. After conducting the hearing, the trial court entered a decree of adoption. Appellant appeals from that order.

1. "Under the proper construction of [OCGA § 19-8-6 (b)], an order granting an adoption need only contain specific and articulated findings that the parent 'has failed significantly' for a one year period to communicate with or provide support for his child and that the adoption would be in the child's 'best interest.' These findings were made in the instant case." *Kirkland v. Lee*, 160 Ga. App. 446, 450 (1) (287 SE2d 365) (1981). Accordingly, there is no procedural error because of the absence in the trial court's order of a specific finding on the issue of appellant's justification for her failure to have paid the court-ordered support. Under OCGA § 19-8-6 (b), there is no "need for a *specific* finding on the issue of the parent's 'justifiable cause' for the failure when a finding that the adoption would be in the 'best interest of the child' has otherwise been made." (Emphasis in original.) *Kirkland v. Lee*, supra at 449-450 (1).

2. "[N]o trial court should grant and no appellate court should affirm an order of adoption where the uncontroverted evidence demands a finding that the natural parent was entirely blameless in failing to communicate with or to provide support for his child. . . . Citing evidence to support the assertion that he was 'justified,' the natural parent is entitled to enumerate as error on appeal the trial court's evidentiary finding that it was in the 'best interest of the child' to have the parental relationship terminated." *Kirkland v. Lee*, supra at 450 (1).

The evidence cited by appellant does not demand a finding that she was entirely blameless in failing to pay the court-ordered child support. Such evidence as appellant cites is either not uncontroverted or fails to show any legally recognizable justification for her failure. Accordingly, the trial court was authorized to disbelieve appellant's excuses in some respects and to find that her excuses evidenced the consequences of her own voluntary actions in other respects. See generally *Boyd v. Harvey*, 173 Ga. App. 581 (327 SE2d 551) (1985). "The trial judge, who has the opportunity to observe the adults and children involved in a proceeding for adoption, and to listen to their testimony, has a wide discretion in determining whether the petition should be granted, and if the judgment is supported by any substan-

tial evidence it should be affirmed by this court." *Weaver v. Deen,* 151 Ga. App. 152 (259 SE2d 156) (1979). " 'It is well settled that no person can object to the natural consequences of his own act voluntarily performed.' [Cit.]" *Kirkland v. Lee,* supra at 451 (1). Here, as in *In the Interest of C. D. B.,* 182 Ga. App. 263, 264 (3) (355 SE2d 759) (1987), there was clear and convincing evidence authorizing "the trial court to find that appellant had failed significantly for the year prior to the filing of the adoption petition to provide court-ordered support, and that the adoption is for the best interests of the child. [Cit.]"

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 4, 1989.

*Charles D. Strickland,* for appellant.
*Eugene W. Harper, Jr.,* for appellees.