## 56254. LANNING v. FIVEASH.

WEBB, Judge.

S. C. Fiveash filed a petition for adoption of the minor child of the marriage of the appellant Wayne Lanning and his former wife, now Mrs. Fiveash. The petition was granted and Lanning appeals.

The divorce decree of the child's parents awarded custody to the mother and ordered Lanning to pay $15 a week for child support, arrearages as of the date of the decree at $5 a week, and future medical expenses not covered by insurance. Lanning presented the child with voluntary Christmas gifts but made no support or other payments as required by the decree within a period of one

year immediately prior to the filing of the petition.

Lanning is a high school graduate trained in the field of computers and was previously employed as a computer operator and a land surveyor's helper. He is presently a musician and stated that his earnings the year before the petition was filed were between $900 and $1,000. He suffers from no physical or mental handicap which would affect his ability to earn a living. He applied for work at various factories, the last application being in August before the petition was filed on January 11, 1978.

The findings of the trial court that Lanning had "failed significantly" for a period of one year or longer immediately prior to the filing of the petition for adoption to provide for the care and support of the child as required by judicial decree, and that he was "without justifiable cause" for his failure to make any child support payments for that period, were conclusions which the court was authorized to draw from the evidence.

"In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse. [Cits.] Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. *Hamrick v. Seward,* 126 Ga. App. 5 (1) (189 SE2d 882)." *Nix v. Sanders,* 136 Ga. App. 859 (1) (223 SE2d 21) (1975). Accordingly, the finding that there was an abandonment as contemplated by Code Ann. § 74-405 (a) (1) (2) (Ga. L. 1977, pp. 201, 211, eff. Jan. 1, 1978)[1] is neither erroneous nor an abuse of discretion.

---

[1]"(a) Surrender or termination of parental right as provided in section 74-403 shall not be required as a prerequisite to adoption pursuant to subsections (a) (1), (a) (2), (a) (3) or (a) (4) of section 74-403 where a child has been abandoned by a parent, or where such parent of a child cannot be found after a diligent search has been made, or where such parent is insane or otherwise incapacitated from surrendering such rights and the court is of the opinion that the adoption is for the best interest of the child, nor shall a surrender or termination of parental rights as provided in section 74-403 be required as a pre-

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Submitted September 5, 1978 — Decided September 25, 1978.

*Hunter & Robins, Mathew Robins,* for appellant.
*Rich, Bass, Kidd, Witcher & Billington, William G. Witcher, Jr.,* for appellee.

---

requisite to adoption pursuant to subsections (a) (3) or (a) (4) of section 74-403 in the case of a parent who has *failed significantly without justifiable cause* for a period of one year or longer immediately prior to the filing of the petition for adoption

"(1) to communicate, or to make a bona fide attempt to communicate with the child, or

"(2) to provide for the care and support of the child as required by law or judicial decree." (Emphasis supplied.)