## 58709. FINDLEY v. SANDERS.

CARLEY, Judge.

A petition for adoption of appellant's daughter was filed by appellee, the child's stepfather. Appellant did not consent to the adoption and he appeals from a final order terminating his parental rights and granting appellee's petition.

1. The law applicable at all times relevant in the instant case provided that a parent's voluntary written surrender of his parental rights would not be required as a prerequisite to adoption if such parent had "failed significantly without justifiable cause for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree." Former Code Ann. § 74-405 (a) (Ga. L. 1977, pp. 201, 211). The petition here was filed in March of 1978. At the hearing on the petition, it was stipulated that appellant had not furnished any support for his daughter during the entire year of 1977. Appellant, relying on *McComas v. Glendinning,* 59 Ga. App. 234 (200 SE 304) (1938), and *Glendinning v. McComas,* 188 Ga. 345 (3 SE2d 562) (1939), urged before the lower court and urges now that his mere failure to provide support for his child was not such an act of "abandonment" as to render his consent to the adoption unnecessary. This argument has been laid to rest and the trial court properly rejected it. "[A]bandonment is a separate issue from failure to pay child support [Cit.], which (though admittedly a type of abandonment) constitutes a separate ground for terminating parental rights under the law applicable [in

the instant adoption proceeding]. See [former Code Ann. § 74-405 (a) (2)]. The statute may be harsh but we are bound by its provisions, and, sympathetic though we may be to the natural father's distress, the law is clear." *Ward v. Weymouth,* 151 Ga. App. 341, 342 (259 SE2d 727) (1979).

Appellant presented evidence that subsequent to his divorce from the child's mother he was involved in a serious accident and had to undergo medical and rehabilitation treatment. The child received social security benefits for a while but they were terminated in 1976 when appellant was found to be no longer disabled. During the year in question, 1977, appellant attended college, receiving vocational rehabilitation benefits to cover books and tuition, obtained a loan to finance a move from his parents' home into his own apartment, was receiving G. I. bill benefits, made car payments, took at least one vacation and provided no support whatsoever to his child although a charge of nonsupport had been filed against him. Appellant urges that his actions and expenses were part of his rehabilitation and that his failure to provide support did not evidence his intent to "abandon" his daughter.

Under former Code Ann. § 74-105 it was the duty of a father to support and educate his children, if able to do so. See, e.g., *Hines v. Mullins,* 25 Ga. 696 (1858); *Williamson v. State,* 138 Ga. App. 306, 307 (2) (226 SE2d 102) (1976). Though the evidence as to appellant's "ability" to support his child was conflicting, there was evidence to support a finding that he was in fact "able" to do so and that he had "failed significantly without justifiable cause" to do so for at least a one year period prior to the filing of the adoption petition. " ' "In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse. [Cits.] Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. [Cit.]" [Cit.] Accordingly, the finding that there [had been a failure to provide for the care and support of the child as required by law] as contemplated by [former] Code Ann. § 74-405 (a) [(2)] . . . is neither erroneous nor an abuse of discretion.' [Cit.]" *Farmer v. Pressley,* 152 Ga. App. 288 (1979).

Appellant urges that this finding and the resulting order are erroneous because they fail to give consideration to an order of the Juvenile and Domestic Relations Court of the City of Virginia Beach, Virginia, entered in 1975, finding appellant's automobile accident and his resulting unemployment a "material change in circumstances" which "will exist for approximately one year" and suspending until further order appellant's child support payments. Appellant argues that this order is still in force and effect, that he relied upon it in failing to make support payments and that this demonstrates a "justifiable cause" for such failure, precluding the final order of adoption absent his consent. *Ehrman v. Moser,* 148 Ga. App. 857 (253 SE2d 216) (1979), affd. 244 Ga. 112 (1979). We cannot consider appellant's arguments in this regard, as no exemplified copy of the order was introduced in the adoption proceedings. *Atkinson v. Atkinson,* 160 Ga. 480 (2) (128 SE 669) (1925); Code Ann. § 38-627; see 28 USC §§ 1738, 1739.

2. After appellant had stipulated that he had provided no support for the child during 1977, the trial court stated that he thought "the burden would shift to [appellant]." It is urged that this erroneously shifted the burden of proof to appellant to show that his consent to the adoption would be necessary and that the burden of proof should have remained at all times on appellee to show that such consent was not necessary. This argument is without merit. It is clear that the trial judge, in shifting the "burden," was merely stating that the stipulation agreed to was a prima facie showing that appellant had "failed significantly without justifiable cause for a period of one year or longer immediately prior to the filing of the petition for adoption to provide for the care and support of the child . . ." under former Code Ann. § 74-405 (a) (2) and that appellant must assume the burden of going forward with evidence in rebuttal to this prima facie showing. The trial court did not "shift" to appellant the ultimate burden of proof. *Hyer v. C. E. Holmes & Co.,* 12 Ga. App. 837 (3, 4) (79 SE 58) (1913). With regard to the distinction between the burden of producing evidence and the burden of persuasion, see Green, Ga. Law of Evidence 54, § 17, and Agnor's Ga. Evidence 339, § 17-1. Appellant accepted this

shift of the burden of going forward with evidence without objection and presented his case. The transcript demonstrates that appellant was afforded a full hearing on the question of whether his consent to the adoption was required. *Carpenter v. Forshee,* 103 Ga. App. 758, 771 (120 SE2d 786) (1961). There was no error.

3. Appellant enumerates as error the trial court's exclusion of the affidavit of his Virginia attorney. The basis for objection to this affidavit, affiant's conclusions as to actions "apparently" taken by appellant's former wife, the child's mother, was well founded. *Textile Products, Inc. v. Fitts Cotton Goods, Inc.,* 124 Ga. App. 421 (184 SE2d 14) (1971). As to the pertinent and admissible parts of the excluded affidavit, appellant concedes that they "are merely cumulative of evidence already in the record, undisputed, and probably not necessary to [his] cause on this appeal." We agree. There was no error.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED JANUARY 8, 1980 —

Petition for adoption. Muscogee Superior Court. Before Judge Land.

*Harry Dicus,* for appellant.
*Aaron Cohn, Leslie L. Cohn,* for appellee.