## 61514. PRESCOTT v. JUDY.

Quillian, Chief Judge.

This is an appeal from the grant of a petition for adoption by the appellee stepmother of the child of the appellant mother's eight year old daughter.

The evidence showed that the natural parents were divorced in 1972, five months after the child was born. Appellant consented to permanent custody in the father, who married appellee later in 1972. Appellant had visitation rights although they were exercised very little after 1974. The petition for adoption was filed in June 1980, the father consenting to the adoption. During the preceding year, the only contact appellant had with the child was a chance encounter in November 1979 with the child at a nursing home where appellant was working and appellee and the child visiting, and the child did not know who appellant was. In February 1980 appellant sent a birthday card and a $20 gift certificate to the child. In justification of her not communicating more frequently with the child, appellant presented evidence that the father and appellee discouraged her visiting the child, and the father and appellee admitted that such visits met with disfavor. Appellant did not attempt to obtain judicial enforcement of her visitation rights. There was also evidence that appellant had mental and emotional problems which made her withdraw from stressful situations, which may have been a reason she had not exercised her visitation rights.

The trial court found that appellant, in the year preceding the filing of the petition, had failed significantly to provide for the care and support of the child and failed significantly to make a bona fide attempt to communicate with the child and that the adoption was in the best interest of the child. *Held:*

1. The contention that the trial court erred by refusing to exercise its discretion to consider appellant's evidence of justification for failure to visit the child is without merit. The adoption order clearly shows that the evidence of justification was considered, but found insufficient.

2. Appellant claims in the remaining enumerations that the trial court erred in granting the adoption over her objection by finding that appellant had failed significantly within the preceding year to provide for the care and support of the child, or to make a bona fide attempt to communicate with the child, and that the adoption was in the best interest of the child.

Code Ann. § 74-403 (a) (3) (Ga. L. 1977, pp. 201, 203) provides that no adoption of a child with living parents shall be permitted except where "a parent of the child has voluntarily and in writing

surrendered all of his rights to the child to the spouse of the other parent of said child and such other parent, if living, consents to the adoption."

Code Ann. § 74-405 (b) (Ga. L. 1977, pp. 201, 211; 1979, pp. 1182, 1187) states: "Surrender . . . of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to the filing of a petition for adoption pursuant to subsections (a) (3) . . . of Code section 74-403 in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interest of the child."

What does the term "significantly" mean?

Prior to the enactment of Code Ann § 74-405 (b), supra, the language of former Code Ann. § 74-403 (2) (Ga. L. 1941, pp. 300, 301, through 1967, pp. 107, 108) provided that parental consent was not required for adoption if a parent wantonly and wilfully failed to comply with a court decree ordering child support for a period of 12 months or more. Court decisions interpreted that provision as authorizing a trial court to find that parental consent would be required on evidence of any payment on a support obligation within the preceding 12 months. See *Long v. Kingsfield,* 135 Ga. App. 23 (216 SE2d 904).

In 1977 nearly all of the former Code Chapter 74-4 was repealed and the present Chapter enacted (Ga. L. 1977, p. 201). This removed the wilful and wanton failure to pay support for 12 months from § 74-403 (2) and enacted § 74-405, supra, containing the failed "significantly" to provide support language and adding the failure to communicate with the child provision. Significant means important or momentous. Webster's New International Dictionary, 2d Ed. Unabridged.

Considering that the former failure to provide support provision had been interpreted so that a very minor support payment was sufficient to avoid the provision and require parental consent, as well as the definition of significant, it is obvious that the intent of the new statutory language is to require more, or significant, support before parental consent would be required. This standard also applies to the communication with the child provision.

A recent decision of the Georgia Supreme Court has considered the phrase "failed significantly" in Code Ann. § 74-405 (b), supra, and says: "As for the phrase 'failed significantly,' this admittedly allows a degree of latitude for the trial judge's discretion, but we believe that

such discretion is necessary and desirable in adoption proceedings, and was intended by the legislature to be applied to the particular facts in each individual case. From the evidence, it is clear that the appellant came within the purview of this provision, by having furnished little or no child support within the one-year period." *Chandler v. Cochran,* 247 Ga. 184 (5) (275 SE2d 23) (1981).

We need not reach the question of whether the evidence was sufficient to support the trial court's finding that appellant failed significantly to provide support, because we find that the evidence is sufficient to place appellant within the remaining provisions of Code Ann. § 74-405 (b), supra. "If there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. *Lanning v. Fiveash,* 147 Ga. App. 290 (248 SE2d 553) (1978); *Findley v. Sanders,* 153 Ga. App. 146 (1980)." *Beverly v. Kennedy,* 153 Ga. App. 149 (1), 150 (264 SE2d 690).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 3, 1981.

*Gregory Valpey-Toussignant, Mary Carden, John Cromartie,* for appellant.
*Marvin W. Mixon,* for appellee.