## 61016. CRUMB v. GORDON.

POPE, Judge.
This case is an appeal from the denial of a petition for adoption of the appellee's daughter, filed by the appellant, the child's stepfather. We affirm.

The appellee, James Howell Gordon, and Connie Bonniwell Crumb obtained a divorce in 1973. They had one child, Angela Denise Gordon. Under the terms of an agreement, incorporated into the final judgment and decree of divorce, custody of the child was given to the mother. The decree further provided that appellee waived all visitation rights and the mother waived any claim for alimony for herself or for the support of the minor child. The appellee and the mother of the child further promised never to bring an action seeking to establish any such rights.

In the latter part of 1979, appellee brought an action seeking to modify the 1973 decree so that he might have visitation privileges with the child and he offered to furnish support. On December 31, 1979 the petition was denied and the 1973 decree was allowed to stand unchanged.

On March 24, 1980 appellant filed a petition seeking to adopt Angela Denise Gordon. Connie Crumb had married the appellant in May 1979, since which time the child had lived with appellant. Connie Crumb gave her written consent to the adoption. Appellant sought adoption of the child without the consent of the natural father, the appellee, pursuant to the provisions of Code Ann. § 74-405 (a) and Code Ann. § 74-405 (b) (2), contending that appellee had abandoned the child and failed to provide adequately for the care and support of the child as required by law. Appellee filed objections to the petition contending he had not abandoned the child. The trial court found that the appellee had not "abandoned" the child within the legal meaning of the term and, accordingly, denied appellant's petition. Crumb appeals.

1. In his first enumeration of error, appellant contends that the trial court erred in finding that there was no abandonment within the meaning of Code Ann. § 74-405 (a). We find no merit in this contention.

The standard to be used in abandonment cases is whether the alleged abandonment is "such as to show a settled purpose to forego all parental duties and claims." *Glendinning v. McComas,* 188 Ga. 345, 347 (3 SE2d 562) (1939); *Johnson v. Eidson,* 235 Ga. 820, 824 (221 SE2d 813) (1976). " '[T]here must be an actual desertion, accompanied with an intention to entirely sever, so far as possible to do so, the parental relation, and throw off all obligations growing out of the same.' " *Glendinning v. McComas,* supra.

Applying the above standard to the instant case, the trial court was authorized to conclude that an abandonment, within the meaning of Code Ann. § 74-405 (a), had not been shown. The appellee, in spite of the agreement he signed to the contrary in 1973, regularly saw the child from 1974 until July, 1979. His visits with the

child terminated only when the appellant and the child's mother forbade the child and the appellee to see or contact each other. The appellee gave the child birthday gifts, clothes and provided produce and vegetables from the family farm. Furthermore, upon the termination of his customary visits with the child, appellee sought to modify the 1973 divorce decree. In light of the above facts, we are of the opinion that there was no actual desertion of the child by the appellee nor was there evidence of an intent on the part of the appellee to sever the parental relation.

" 'In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse.' " *Lanning v. Fiveash,* 147 Ga. App. 290, 291 (248 SE2d 553) (1978). "If there is any evidence to support the findings of the trial judge in adoption proceedings, this court must affirm." *Houston v. Smith,* 153 Ga. App. 56 (1) (264 SE2d 544) (1980). Accordingly, the finding that there was not an abandonment as contemplated by Code Ann. § 74-405 (a) is neither erroneous nor an abuse of discretion.

2. In his second enumeration of error appellant contends that the trial court erred in finding that there was no abandonment within the meaning of Code Ann. § 74-405 (b) (2). Code Ann. § 74-405 (b) (2) provides that a surrender or termination of parental rights is not a pre-requisite to adoption where a parent had failed significantly for a period of one year prior to the filing of the petition to provide for the care and support of the child as required by law or judicial decree.

Under the facts in the instant case, it is clear that the appellee did not make a significant contribution to the care and support of the child during the one year period preceding the filing of the petition for adoption. Appellee contends that he failed to do so in reliance upon the 1973 divorce decree. Appellant contends that regardless of the 1973 divorce decree, appellee was required by law, specifically Code Ann. § 7-104, to provide for the care and support of his child.

Code Ann. § 74-105 provides: "Until majority, it is the joint and several duty of each parent to provide for the maintenance, protection, and education of the child, *except to the extent that the duty of one parent is otherwise or further defined by court order.*" (Emphasis supplied.) In the instant case, the agreement of the parties incorporated into the 1973 divorce decree attempted to modify this statutory duty. However, we are of the opinion that neither the wife nor the civil courts can take away the child's right to be provided for by both parents. See, *Williamson v. State,* 138 Ga. App. 306 (3) (226 SE2d 102) (1976). Specifically, the wife cannot contract away the right of the child to be supported by her father. *Williamson v. State,*

supra. Consequently, the provision of the divorce decree waiving the child's right to support from her father is void. Since we hold this provision void, Code Ann. § 74-105 governs the duties and obligations of the appellee.

Since the appellee was required by law to support the child, there is no *legal* excuse for his failure to do so during the one year period immediately preceding the filing of the adoption petition. However, under the circumstances of the instant case, the trial court was authorized to find that he had a reasonable excuse for failing to do so. Not only did the appellee fail to pay child support in reliance upon the divorce decree, but he also, in the latter part of 1979, did attempt to modify the 1973 decree and offer to pay child support. This petition was denied and the 1973 decree was allowed to stand unchanged. While the divorce decree was ineffective to modify the statutory duty imposed upon the appellee by Code Ann. § 74-105, his good faith reliance upon it constitutes a reasonable excuse for failing to provide for the care and support of the child. *Moser v. Ehrman,* 244 Ga. 112 (259 SE2d 634) (1979); *Meredith v. Meredith,* 238 Ga. 595 (2) (234 SE2d 510) (1977). If an excuse is reasonable, although not legal, the absence of a legal excuse does not demand a finding that Code Ann. § 74-405 (2) (b) has been violated. *Kriseman v. Kenmore,* 143 Ga. App. 490 (1) (238 SE2d 585) (1977). Accordingly, under the circumstances present in the instant case, the facts were sufficient to authorize a finding that a reasonable excuse existed. *Richey v. Cothran,* 140 Ga. App. 580 (231 SE2d 572) (1976).

3. In his final enumeration of error, appellant contends that the trial court erred in denying the adoption petition because it failed to determine whether the adoption was in the best interest of the child. This enumeration is without merit. "If there is no parental consent and the natural parents have not abandoned the child, the court *is required* to deny the adoption." *Johnson v. Eidson,* supra, at 825.

*Judgment affirmed. Banke and Sognier, JJ, concur.*

DECIDED MARCH 10, 1981.

*Guy Velpoe Roberts, Jr.,* for appellant.
*Hugh Gordon,* for appellee.