164 Ga. App. 210 (1982)
296 S.E.2d 103
IN RE A.J.A.
64356.
Court of Appeals of Georgia.
Decided October 7, 1982.
Rehearing Denied November 1, 1982.
Jerry C. Gray, for appellant.
Gregory M. Perry, for appellees.
POPE, Judge.
1. On September 15, 1981 appellees filed a petition for the adoption of A.J.A., a minor child, claiming she had been abandoned by her natural parents and that it was in the best interest of the child that the petition be granted. After a hearing on the merits, the trial court made the findings of fact summarized below, which we find to be supported by the evidence. Code Ann. § 81A-152; Perry v. Thomas, 129 Ga. App. 325 (3) (199 SE2d 634) (1973).
The child was born on June 24, 1979 and she lived with her natural mother in various places until September 13, 1980. On that date, the mother asked petitioners to care for the child for a day. She did not return for the child and, after several days effort to locate the mother, petitioners found her. She asked petitioners to continue to care for the child and also that they adopt her. Petitioners then retained counsel to effect the adoption. The adoption papers were prepared, but the mother refused to sign them. She did not, however, ask for the return of her child.
During the period of time the child was in petitioners' custody, a period exceeding one year, the natural mother saw the child for a total of less than one hour. She paid a ten minute visit in November, another at Easter time and another a few days after the child's birthday in June. The mother did not contribute toward the support of the child during this time. On one particular occasion, in December of 1980, the child was in need of medical attention for which authority by the natural mother was required. Petitioners located the mother and obtained power of attorney, but only on the condition they loan her a sum of money.
2. Upon these facts, the trial court concluded as a matter of law that the natural mother had abandoned the child. The court applied the standards of Glendinning v. McComas, 188 Ga. 345 (3 SE2d 562) (1939), which were appropriate. See Crumb v. Gordon, 157 Ga. App. 839 (1) (278 SE2d 725) (1981). The court also utilized the procedure suggested for proving abandonment in 10 Am Jur Proof of Facts 2d 635.
Having judged the contentions and evidence under the proper standards, we will disturb the court's conclusions only when they are not supported by any evidence, thus amounting to a clear abuse of discretion. Lanning v. Fiveash, 147 Ga. App. 290 (248 SE2d 553) (1978). See also Crumb v. Gordon, supra; Findley v. Sanders, 153 Ga. App. 146 (1) (264 SE2d 659) (1980). We find no such basis in the record before us. The conclusions are supported by competent evidence and we find no abuse of discretion by the court in its *211 rejection of conflicting evidence proffered by appellant.
3. Besides challenging the court's findings of fact and conclusions of law, appellant takes issue with the fact that petitioners' relation to her was that of first cousin, asserting that a closer relationship is required. When the basis for granting a petition of adoption is abandonment, the relationship of the parties is manifestly immaterial. Code Ann. § 74-405 (a). Compare Code Ann. § 74-405 (b).
4. The dissent asserts that the issue in this case is "whether the case was tried under Code § 74-405 (a) or (b)" and concludes that it was tried under subsection (b). From our review of the record, we are of the opinion that the case was actually tried and decided under both subsections. This was improper because subsection (b) is inapplicable (as will be explained infra), but, inasmuch as a finding of abandonment under subsection (a) is sufficient to support a granting of adoption and because we find that the court's conclusion as to abandonment is supported by the evidence, we affirm. See Division 2, supra.
Code Ann. § 74-403 (a) provides that no adoption of a child with a living parent(s) shall be allowed unless there has been a surrender or termination of parental rights. Code Ann. § 74-405 contains the exceptions to § 74-403 (a). Section 74-405 (a) allows any person to petition for the adoption of a child, without first obtaining a surrender or termination of parental rights, where the child has been abandoned by the natural parent(s). Section 74-405 (b) provides a more limited exception. It allows the other parent and his/her spouse (see § 74-403 (a) (3)) or a close relative (see § 74-403 (a) (4)) to petition for adoption, without having first obtained a surrender or termination of parental rights, where the parent has failed significantly for over a year to communicate with or provide care and support for the child.
In this case, one of the petitioners was a first cousin of the natural mother. Because petitioners' relationship is outside that contemplated in either § 74-403 (a) (3) or § 74-403 (a) (4), petitioners cannot avail themselves of § 74-405 (b). This leaves petitioners two options by which they could adopt the child: either they obtain a surrender of parental rights under § 74-403 (a) (2) (as "third person(s)") or proceed under § 74-405 (a), alleging and proving abandonment.
Abandonment is a difficult claim to prove. See Glendinning v. McComas, supra. Many factors combine to constitute it. Inclusive among these are the factors of failure to communicate with and failure to support the child. See 10 Am Jur Proof of Facts 2d 635, 645. Thus, the basis of § 74-405 (b), that is, failure to communicate or *212 failure to support, is also part of the basis of § 74-405 (a), that is, abandonment.
The key evidence of abandonment in this case was in fact that evidence showing the natural mother's failure to communicate with and provide support for the child. There was, however, other evidence of abandonment, including the natural mother's voluntary surrender of the child to petitioners coupled with no serious demand for the return of the child; the natural mother's suggestion that petitioners adopt the child; the natural mother's unconcern and even disregard of the child's well-being; and other evidence which, in the aggregate, showed actual desertion and intent to sever the parental relation.
Thus, we hold that despite the procedural impropriety of entertaining Code Ann. § 74-405 (b), the trial court's conclusion that abandonment under § 74-405 (a) was proven is supported by the evidence and the adoption was therefore granted upon sufficient grounds.
Judgment affirmed. Quillian, C. J., McMurray, P. J., Shulman, P. J., Banke and Carley, JJ., concur. Deen, P. J., Birdsong and Sognier, JJ., dissent.
DEEN, Presiding Judge, dissenting.
The issue in this case is whether the case was tried under Code § 74-405 (a) or (b) (of the same code section). If under the latter, the adopting parents must meet the requirements set forth in Code § 74-403 (a) (3) or (4) as a spouse of the other parent, or a parent, brother or sister, aunt or uncle, son or daughter of either parent. One of the petitioners here is a first cousin of the biological mother.
1. As to Code § 74-405 (a). The Supreme Court case of Glendinning v. McComas, 188 Ga. 345 (3 SE2d 562) (1939) has made clear the rigid requirements in abandonment cases and the burden of strong scrutiny that must be carried: "`In order to constitute abandonment, there must be an actual desertion, accompanied with an intention to entirely sever, so far as possible to do so, the parental relation, and throw off all obligations growing out of the same.'" Nonsupport alone is insufficient. This case further points out: He "`has *213 failed to contribute any sum whatsoever to the support and education of his soon and has failed to provide any necessaries for said child'. . . The present case must not be confused with a habeas-corpus case. In a case of that character the welfare of the child is the paramount issue, and no question as to termination of the parental relation is involved; whereas in an adoption proceeding the question is whether all the facts, including the interest of the child, are sufficient to warrant the court in completely severing and destroying the natural relation between the parent and child and substituting an artificial status between the child and another person as parent. Manifestly, the rights of the natural parent are of more importance in the latter case than in the former."
Beatty v. Wilkerson, 147 Ga. App. 8 (248 SE2d 24) (1978) is inapplicable as there a court order existed in that case requiring support and there was a subsequent finding of wilful and wanton failure to comply with the order of support that does not obtain in the instant case. It would appear that in an abandonment case where rights of a biological parent are involved clear and convincing evidence is required. A finding of abandonment seems to be tantamount to finding the parent unfit. Compare Patty v. Dept. of Human Resources, 154 Ga. App. 455 (269 SE2d 30) (1980); Larson v. Gambrell, 157 Ga. App. 193 (276 SE2d 686) (1981); Chancey v. Dept. of Human Resources, 156 Ga. App. 338 (274 SE2d 728) (1980).
Although the petition to adopt contained an allegation as to abandonment, a review of the transcript reveals that the issue of abandonment was not addressed, but, on the contrary, the case was considered totally on grounds outlined in Code § 74-405 (b). After hearing all the evidence the trial judge summarized his findings and conclusions:
"BY THE COURT
"Well, of course, these are always the cases that are the hardest for Judges to decide.
"First let me say that the circumstances, if legal, and if known by both parties . . . if the circumstances under which the petitioning parties get custody . . . get possession of a child, if the circumstances are known to both parties and the circumstances are approved by both parties, and the circumstances under which the parties get the child are irrelevant to an adoption.
"Now, the means by which the petitioning parties retain possession of the child, if legal and if not done in such a way that it prevents the natural parent from getting custody of the child, if the possession is under circumstances that does not prevent the mother from regaining possession of the child, then the circumstances under which they retain custody or possession of the child are not relevant *214 to the adoption. What I'm saying is that they say you cannot have the child back, certainly, legally, that's not true because she could. She could have walked up there any day she wanted to and picked the child up, and there wasn't a thing they could do about it. But, if the petitioning parties tell her, you cannot have this child and that is used by the mother as the basis for her not regaining possession of the child, unless it was done in such a way that she was prevented from pursuing whatever rights she had, then that is not relevant to the adoption.
"Then, we come next to the parental consent, and we all know that the consent of the natural parents, both, is necessary to the adoption unless there are certain facts that exist that dispense with the necessity of that. One is that the natural parent has not made any substantial contribution to the support of the child for twelve months prior to the time the petition was filed or if there has been a failure to significantly communicate with the child during that twelve-month period.
"Now, I don't have any choice in this case, as hard as it is to have to do, I don't have any choice but to conclude that the child was not wrongfully withheld from the natural mother during this twelve months period.
"There has been a failure both to substantially communicate with the child and a failure to substantially contribute to the welfare of the child during that twelve months period. Now, I'm of the opinion that a hundred dollar contribution to the support of that child during that twelve months period, a four hundred dollar contribution to the support of that child, does not mean that there has been a substantial contribution to support of that child. I think when you say the substantial support it is substantial support both with respect to the needs of the child and the person's ability to pay, and I'm not even sure that ability to pay is a factor that could be considered; but I do consider it.
"Now, we come then to the failure to communicate substantially with the child. I think there has been an absolute total failure to communicate . . . to substantially communicate with the child during that twelve months period of time.
"The only other question that I think we have to address ourselves to is the best interest of the child, and there has not been one word of evidence that the child's interest, whatever that interest would have been, would have been protected by the child remaining with the natural mother during this period of time between September, 1980 and now. There is evidence that the child's welfare would have been grossly endangered, and there has been ample testimony that the petitioning parties are financially, morally, *215 emotionally able to take care of this child as parents.
"There is ample evidence that the child is a healthy, happy child, whose interest is being adequately addressed; and her best interest, in my mind, would be served by granting the adoption; and you can take an order to that effect."
The Court Order dated January 7, 1981, nunc pro tunc, December 10, 1980, attempting to place the judgment on abandonment is unsupported by the evidence: The judgment is predicated entirely on abandonment. However the case was tried on the theory that the defendant had failed to communicate with and support the child, and on a finding of what would be to the best interest of the child. The judgment of the lower court must be reversed for this reason, and for the further reason that the mother not only did not relinquish custody, abandon and sever all ties with the child but refused to sign adoption papers and signed only a limited power of attorney for a specific act of medical treatment. The mother further on occasions asked that the child be returned but was told that she had not yet straigtened her life out. "A finding of unfitness must center on the parent alone, . . . Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship . . . The ability of a parent to raise his or her child may not be compared to the superior fitness of a third person. That ability must be examined in a scrutinous, abstract light." Carvalho v. Lewis, 247 Ga. 94 (274 SE2d 471) (1981).
2. As to Code § 74-405 (b). In the instant case one of the adopting parents is only a first cousin of the mother. The statutory requirements that permit the use of less scrutiny in the severing of parent-child ties, as in cases under this code section, is not satisfied. For this additional reason I respectfully dissent and would reverse.
I am authorized to state that Judge Birdsong and Judge Sognier join in this dissent.