164 Ga. App. 3 (1982)
296 S.E.2d 198
IN RE C. C. B. IN RE S. J. S.
64683, 64684.
Court of Appeals of Georgia.
Decided October 18, 1982.
C. Robert Melton, for appellant.
Randall A. Meincke, for appellee.
DEEN, Presiding Judge.
Phyllis Colleen Adams LeBlanc, now legally separated from her third husband, had one son by her marriage to appellant Sons and one daughter by her subsequent marriage to appellant Boudreaux, both *4 Louisiana residents. The Louisiana decree dissolving the marriage to Boudreaux made no mention of alimony or child support; the record contains no information regarding support provisions in the Sons decree. The mother was awarded custody of both children. The record shows that appellant Sons contributed approximately $2,000 to his son's support since his 1974 divorce, and respondent Boudreaux approximately $200 to the support of his daughter since receiving his divorce in 1977. Although Ms. LeBlanc lived within 100 miles of her former husbands after the marriages were dissolved, neither visited his child more than a half-dozen times at most.
At Christmas time in 1980 Ms. LeBlanc on her own initiative arranged for the children to visit their respective fathers. Shortly after New Year's she took them to the Macon, Georgia, home of her brother and sister-in-law, Mr. and Mrs. Douglas, where they lived and attended school until some time in June of 1981, when their mother took them to her Louisiana home for the remainder of the summer. In early October she returned the children to the Douglases, who had purchased a residence in Monroe County, Georgia, and a few days later signed a consent to the adoption of each child and a surrender of parental rights to each, pursuant to Ga. Code Ann. §§ 74-403 (a) (4) and 74-404 (c). Two weeks later the Douglases filed an adoption petition in Monroe County Superior Court, reciting that both fathers had forfeited their parental rights as provided in Ga. Code Ann. § 74-405 (b): "Surrender or termination of parental rights as provided in Code section 74-403 shall not be required ... in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree ..." Each father was given notice as prescribed in § 74-405 (c), and both moved for continuances, which were granted.
Both appellant fathers were represented at the hearing held in the Monroe County Superior Court and, seeking custody of their respective children, moved for dismissal of the adoption petition. In February 1982 respondent Boudreaux obtained in the Louisiana courts a modification of his divorce decree that awarded him custody of his daughter. The Douglases received no notice of this action, but Ms. LeBlanc was served and answered, excepting on the ground, inter alia, that the Louisiana court lacked jurisdiction. The Monroe County Superior Court denied the motion to dismiss, held the Louisiana modification not binding, and found that the best interest of the children required the granting of the adoption petition. Each father brings an appeal. Held:
*5 1. The Monroe County Superior Court has jurisdiction of the adoption proceeding. Both Louisiana and Georgia have adopted the Uniform Child Custody Jurisdiction Act, which at Ga. Code Ann. § 74-504 confers jurisdiction upon the appropriate courts (1) of the child's "home state," or (2) of the state where the child and one of the contestants have "a significant connection" and where there is available "substantial evidence concerning the child's present or future care, protection, training, and personal relationships." See the verbatim provisions of Louisiana Statutes Annotated, Revised Statutes §§ 13:1701, 13:1702. Appellants' contention that Louisiana rather than Georgia was the children's "home state" when the adoption petition was filed is without support in the statute, which at § 74-503 (e) defines home state as "the state in which the child immediately preceding the time involved lived with ... a person acting as a parent for at least six consecutive months ...," and expressly stipulates that "[p]eriods of temporary absence ... are counted as part of the six-month ... period." Accord, La. Stat. Ann., RS § 13:1701 (5). Except for the summer visit with their mother, both children lived in Georgia from January 1981 until the date the petition was filed in October and have continued to reside there as part of the Douglas family. Compare Brenner v. Cavin, 163 Ga. App. 694 (295 SE2d 135) (1982). The record contains ample evidence regarding their present and future welfare. Thus the jurisdictional requirement is met under either criterion, supra. The decree of a state court of competent jurisdiction is binding upon all parties having notice and an opportunity to be heard. Ga. Code Ann. § 74-513; LSA RS 13:1711. Since both appellants were represented at the Monroe County hearing, both are bound by that court's decision. Furthermore, the Uniform Child Custody Jurisdiction Act vests in the courts of each subscribing state discretion as to whether to accept jurisdiction in cases where there is or may be an interstate custody dispute. Ga. Code Ann. § 74-504; Morris v. Mosley, 246 Ga. 749 (272 SE2d 705) (1980). A presumption in favor of the regularity of the proceedings and the jurisdiction of the court operates to sustain the decision below. Jossey v. Brown, 119 Ga. 758 (47 SE 350) (1904).
2. The court below did not err in ruling inadmissible the ex parte affidavits submitted by appellants. It is well settled in this state that except in summary judgment proceedings ex parte affidavits are inadmissible because they deny the adverse party his constitutional right of cross-examination. See Camp v. Camp, 213 Ga. 65 (97 SE2d 125) (1957); Lanthripp v. Lang, 103 Ga. App. 602 (120 SE2d 59) (1969).
3. The court below did not err in terminating appellants' *6 parental rights. The language of Ga. Code Ann. § 74-405 (b) regarding "significant failure" is controlling here. In the instant case evidence of appellants' sporadic and de minimis financial contributions, and of their apparent indifference to their children's welfare, militates against a finding that their conduct prior to institution of the adoption proceedings evinced anything other than a "significant failure" either to support or to communicate. The fact that the Boudreaux divorce decree did not specifically mandate child support does not relieve appellant of the duty of support imposed by statute. See Ga. Code Ann. § 74-105; LSA RS 13:1600 (6); 13:1642. The facts of Crumb v. Gordon, 157 Ga. App. 839 (278 SE2d 725) (1981), cited by appellants, are distinctly different from those of the instant case, and the holding is therefore inapposite. See Chandler v. Cochran, 247 Ga. 184 (275 SE2d 23) (1981); Kirkland v. Lee, 160 Ga. App. 446 (287 SE2d 365) (1981); Prescott v. Judy, 157 Ga. App. 735 (278 SE2d 493) (1981).
4. Appellants' contention that the court below erred in finding the adoption in the best interest of the children is without merit for two reasons. The holding in Division 3 satisfies the first prong of the two-pronged statutory test: significant failure for one year to communicate with or provide financially for the child. As to the second prong, "and the court is of the opinion that the adoption is in the best interest of the child," Ga. Code Ann. § 74-405 (b), the record holds ample evidence, beyond the failure to communicate or to support, to sustain the court's finding. Under the "best interest" standard, keeping brother and sister together in a traditional and stable family situation with which they are already comfortable, and in which there is evidence that they have flourished, is clearly preferable to placing each separately in an unfamiliar place, in an apparently loosely structured household, with a mother-figure whom they know hardly at all and a father whom they know scarcely better. "If there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed ..." Lanning v. Fiveash, 147 Ga. App. 290 (248 SE2d 553) (1978), quoted in Prescott v. Judy, supra at 737.
5. The court below did not err in holding in case no. 64683 that the Louisiana custody modification was not binding. Under the Uniform Child Custody Jurisdiction Act § 6, Ga. Code Ann. § 74-507 and LSA RS 13:1705, no state shall exercise its jurisdiction pursuant to the Act if at the time the petition is filed, a custody proceeding is pending in that state or another state. Furthermore, every party to a custody proceeding is required to declare under oath whether he knows of any pending proceeding or of any person not a party to the proceedings who has physical custody of the child or children. Ga. *7 Code Ann. § 74-510 (2), (3); LSA RS 13:1705. Before the state court makes a decree, any person with physical custody must be given notice and an opportunity to be heard. Ga. Code Ann. §§ 74-505, 74-506, 74-511, LSA RS §§ 13:1703, 13:1704, 13:1709. None of these requirements was complied with. The Louisiana court should have stayed any proceedings brought there pending resolution of the Georgia proceeding.
Judgment affirmed. Sognier and Pope, JJ., concur.