any such double jeopardy claim. *Staggers v. State,* 225 Ga. 581 (170 SE2d 430). The nullifying of the first trial also rendered any claims of error therein moot. Code Ann. § 6-809 (b) (3), supra. For the foregoing reasons we dismiss this part of defendant's appeal.

2. Defendant asserts in his second enumeration of error that the evidence was insufficient to support the verdicts in both trials. For the reasons stated in Division 1, supra, we will not consider the contention as it related to the first trial. We find that the evidence in the second trial, although circumstantial and conflicting, was sufficient to authorize the jury verdict. See *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41); Code § 38-109. See also *Searcy v. State,* 158 Ga. App. 328 (280 SE2d 161). Unlike the situation in *Kreager v. State,* 148 Ga. App. 548 (252 SE2d 1), where the state's circumstantial evidence failed to exclude the reasonable hypothesis that the child's injuries resulted from something other than criminal acts attributable to the defendant, the possibility in the case sub judice that the child's injuries were not inflicted by defendant is remote. The child's body was covered with bruises. She died as the result of an externally inflicted injury to her liver, which aggravated a previous similar injury only beginning to heal and caused fatal internal blood loss. The evidence authorized the finding that the injuries were inflicted while the child was in defendant's physical custody. There was also evidence that defendant had previously abused her and that he fit the pattern of a child abuser. Upon the aggregate of this evidence, viewed most favorably to the jury verdict, we are convinced that the evidence excluded every other reasonable hypothesis save that of the guilt of defendant.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 19, 1982.

*James H. Whitmer,* for appellant.
*Jeff C. Wayne, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.

64832. IN RE S. B. P.

BANKE, Judge.
Appellants, husband and wife, bring this appeal from a judgment denying their joint petition for adoption of the wife's natural daughter.

The mother was divorced from the child's natural father in July 1976. The Florida divorce decree gave the father visitation rights and required that he pay $400 per month in child support for five years

and $100 per month thereafter until the child's death or emancipation. Initially, he made payments as scheduled, sent the child Christmas and birthday gifts, made occasional phone calls, and visited the child approximately once a year. In September 1980, the mother communicated to him her intention to marry her present husband, and he responded by informing her in writing that he intended to discontinue child support payments unless she informed him that they were actually needed. The mother did not reply, and the last payment was made October 31, 1980. Between that date and the date of the filing of the adoption petition, November 30, 1981, communication from the father consisted of Christmas and birthday gifts and three or four telephone calls. After receiving notice of the filing of the petition in accordance with Code Ann. § 74-401 et seq., he filed his objection, testifying at trial that he feared he would lose contact with his daughter if the adoption petition were granted.

The trial court made findings of fact and conclusions of law as follows: "Findings of Fact: The respondent did not wilfully fail to communicate with nor wilfully fail to support his natural child . . . for one year next preceding the filing of this petition for adoption. The presumption in favor of the continued rights of the natural parent has not been rebutted, and the parental relationship in this case should not be severed. Conclusions of Law: It is in the best interests of the child that this adoption not be allowed." On appeal, appellants enumerate as error the court's imposition of a "wilful-failure" standard in determining whether or not the father had "failed significantly" to communicate with or support the child pursuant to Code Ann. § 74-405 (b). *Held:*

It appears that the court below applied an improper standard in determining that the actions of appellee in failing to provide child support do not come within the provisions of Ga. Code Ann. § 74-405 (b), which under certain specified conditions negate the necessity of parental consent to an adoption. Code Ann. § 74-405 (b), does not contain the word "wilfully" but reads as follows: "Surrender or termination of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to the filing of a petition for adoption pursuant to subsections (a)(3) or (a)(4) [dealing with adoptions by step-parents and relatives] of Code section 74-403 in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interest of the child."

The language "wantonly and wilfully failed" appeared in former

Code Ann. § 74-403 (2) (Ga. Laws 1941, pp. 300, 301; Ga. Laws 1967, pp. 107, 108), which was the predecessor of the current § 74-405 (Ga. Laws 1979, pp. 1182, 1187). Most of former Chapter 74-4 was repealed in 1977, and the "wanton and wilful" language deleted at that time (Ga. Laws 1977, pp. 201, 211). In seeking to establish that consent of the natural father (the appellee) was not a necessary prerequisite to the adoption, appellants were therefore not required to prove wilfulness. See *Prescott v. Judy*, 157 Ga. App. 735 (278 SE2d 493) (1981); see also *Chandler v. Cochran*, 247 Ga. 184 (275 SE2d 23) (1981). It thus appears that the trial court's order may have been based upon an erroneous legal theory, and the case is remanded for further consideration based on the current statute.

*Judgment reversed and case remanded for further proceedings. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1982.

*Phillip Bettis,* for appellant.
*S. M. Landress,* for appellee.

## 64594. EDGE v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant pleaded guilty to a burglary charge in 1980 and he was sentenced to ten years, three to serve and seven on probation. His sentence was commuted in April 1981 because of prison overcrowding. The order of commutation did "not affect the probated portion of [his] sentences or fines." In April 1982 the state filed a petition for revocation of his probation on the grounds that he allegedly committed another burglary and also that he failed to make the restitution ordered by the court in the previous case. After a hearing, the trial court found that defendant committed the alleged burglary and failed to pay the restitution and therefore it ordered defendant's probated sentence revoked. *Held:*

1. Defendant first contends he was denied due process of law because the petition for revocation of probation did not allege specific violations of the probation conditions. The petition included the following paragraph: "That the Defendant has violated the following terms and conditions of probation in the following particulars: #1: Do not violate the criminal laws of any governmental unit or city ordinance. On March 17, 1982 in Dougherty County, Georgia, he committed the offense of Burglary when he without