164 Ga. App. 50 (1982)
296 S.E.2d 236
IN RE S. B. P.
64832.
Court of Appeals of Georgia.
Decided October 19, 1982.
Phillip Bettis, for appellant.
S. M. Landress, for appellee.
BANKE, Judge.
Appellants, husband and wife, bring this appeal from a judgment denying their joint petition for adoption of the wife's natural daughter.
The mother was divorced from the child's natural father in July 1976. The Florida divorce decree gave the father visitation rights and required that he pay $400 per month in child support for five years *51 and $100 per month thereafter until the child's death or emancipation. Initially, he made payments as scheduled, sent the child Christmas and birthday gifts, made occasional phone calls, and visited the child approximately once a year. In September 1980, the mother communicated to him her intention to marry her present husband, and he responded by informing her in writing that he intended to discontinue child support payments unless she informed him that they were actually needed. The mother did not reply, and the last payment was made October 31, 1980. Between that date and the date of the filing of the adoption petition, November 30, 1981, communication from the father consisted of Christmas and birthday gifts and three or four telephone calls. After receiving notice of the filing of the petition in accordance with Code Ann. § 74-401 et seq., he filed his objection, testifying at trial that he feared he would lose contact with his daughter if the adoption petition were granted.
The trial court made findings of fact and conclusions of law as follows: "Findings of Fact: The respondent did not wilfully fail to communicate with nor wilfully fail to support his natural child ... for one year next preceding the filing of this petition for adoption. The presumption in favor of the continued rights of the natural parent has not been rebutted, and the parental relationship in this case should not be severed. Conclusions of Law: It is in the best interests of the child that this adoption not be allowed." On appeal, appellants enumerate as error the court's imposition of a "wilful-failure" standard in determining whether or not the father had "failed significantly" to communicate with or support the child pursuant to Code Ann. § 74-405 (b). Held:
It appears that the court below applied an improper standard in determining that the actions of appellee in failing to provide child support do not come within the provisions of Ga. Code Ann. § 74-405 (b), which under certain specified conditions negate the necessity of parental consent to an adoption. Code Ann. § 74-405 (b), does not contain the word "wilfully" but reads as follows: "Surrender or termination of parental rights as provided in Code section 74-403 shall not be required as a prerequisite to the filing of a petition for adoption pursuant to subsections (a)(3) or (a)(4) [dealing with adoptions by step-parents and relatives] of Code section 74-403 in the case of a parent who has failed significantly for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate, or to make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, and the court is of the opinion that the adoption is for the best interest of the child."
The language "wantonly and wilfully failed" appeared in former *52 Code Ann. § 74-403 (2) (Ga. Laws 1941, pp. 300, 301; Ga. Laws 1967, pp. 107, 108), which was the predecessor of the current § 74-405 (Ga. Laws 1979, pp. 1182, 1187). Most of former Chapter 74-4 was repealed in 1977, and the "wanton and wilful" language deleted at that time (Ga. Laws 1977, pp. 201, 211). In seeking to establish that consent of the natural father (the appellee) was not a necessary prerequisite to the adoption, appellants were therefore not required to prove wilfulness. See Prescott v. Judy, 157 Ga. App. 735 (278 SE2d 493) (1981); see also Chandler v. Cochran, 247 Ga. 184 (275 SE2d 23) (1981). It thus appears that the trial court's order may have been based upon an erroneous legal theory, and the case is remanded for further consideration based on the current statute.
Judgment reversed and case remanded for further proceedings. McMurray, P. J., and Birdsong, J., concur.