72458. In re J. S. J.
(350 SE2d 843)

Beasley, Judge.

Appellant sought to adopt his 10-year-old stepdaughter, alleging abandonment by the natural father and the latter's failure to communicate with his daughter or to support her. The father was served with the adoption petition and objected to it. DFCS' report approved the adoption, and the mother consented.

In denying the petition, the court held that it could not find "forfeiture of parenthood" unless there was clear and convincing evidence of unfitness and the court was completely satisfied that the parent had "failed utterly" to comply with the requirements of the Code section cited in *Crumb v. Gordon*, 157 Ga. App. 839 (278 SE2d 725) (1981). The court further relied on *Crumb* in holding that, absent abandonment or consent, denial was required.

This case was appealed directly, which was the proper method, as all petitions for adoption whether granted or denied, whether terminating parental rights or not, do not come within OCGA § 5-6-35 (a) (2).

The child had resided with appellant and the mother since 1978, when appellant had married the mother. She had divorced the child's father and received the child's custody that same year. The father had been granted visitation rights and was ordered to pay child support. Although he initially paid, he ceased in April 1980 and paid nothing until December 1984. During that period he did not see his daughter or communicate with her at all despite knowing her whereabouts. Sometimes he provided Christmas presents by leaving them with her grandparents. In 1983 he placed the child, along with his new wife and stepchildren, on his group insurance policies; no claims were made on her behalf. At the time of the adoption hearing in 1985 he was in arrears on child support payments in excess of $10,000.

In December 1984 appellant, his wife, and the child encountered the natural father and his wife by chance at a shopping mall. The child apparently did not recognize her father, who expressed an interest in renewing visitation. Appellant advised the father that he could visit the child in appellant's home, but he did not do so. However, he did make support payments thereafter through May 1985, when the petition was filed. These checks were not cashed but were kept by the mother and appellant. He also sent a letter addressed to the child to her mother, who did not give it to the child for fear of upsetting her.

Thus, since 1979 until the hearing in September 1985, except for the chance meeting at the mall, the father did not see his daughter and, except for the January 1985 brief letter and the indirectly delivered occasional Christmas presents, he made no attempt to communicate with her.

1. OCGA § 19-8-3 (a) provides that: "[e]xcept as otherwise specified in Code § 19-8-6, no adoption of a child who has a living parent . . . shall be permitted except where: . . . (4) A parent of the child has voluntarily and in writing surrendered all of his rights to the child to the spouse of the other parent of the child and such other parent . . . consents to the adoption."

Section 19-8-6 (a) provides that a showing of surrender or prior court termination of rights as specified in Section 19-8-3 is not required if, for one thing, the parent has abandoned the child.

Section 19-8-6 (b), read together with Section 19-8-3 (4), [or (5) in the case of adopting relative], provides that, with regard to stepparent (or relative) adoptions, two special circumstances would allow adoption even without surrender or termination of the parental rights: "in the case of a parent who has failed significantly, for a period of one year or longer immediately prior to the filing of the petition for adoption (1) to communicate or make a bona fide attempt to communicate with the child, or (2) to provide for the care and support of the child as required by law or judicial decree, where the court is of the opinion that the adoption is for the best interests of the child." Thus, when either of the two subsection (b) conditions are found, that is, significant failure to communicate or provide, then even without prior surrender or termination of parental rights, the adoption by the stepparent (or relative) may be granted by the court if it further finds such to be in the best interests of the child.

2. A finding of abandonment pursuant to OCGA § 19-8-6 (a) is not a prerequisite to a consideration of the elements of Section 19-8-6 (b). Abandonment is a separate issue from the failure to pay support or to communicate. See *Findley v. Sanders*, 153 Ga. App. 146 (1) (264 SE2d 659) (1980); *In re A. J. A.*, 164 Ga. App. 210 (296 SE2d 103) (1982). The trial court's reliance on *Crumb v. Gordon*, 157 Ga. App. 839, supra, is misplaced to the extent that the trial court read it to require proof of abandonment in addition to proof of significant failure to communicate or support as set out in OCGA § 19-8-6 (b).

3. In making its ruling, the trial court proceeded on the premise that it had to find the natural parent unfit and it had to be satisfied that the parent had *failed utterly* to make an effort to communicate or to provide for the child's support. Prior to the 1977 revision of the adoption statute, wanton and wilful failure to pay support was required. This language was changed in 1977 to the "failed significantly" standard and the failure to communicate provision was added. "Considering that the former failure to provide support provision had been interpreted so that a very minor support payment was sufficient to avoid the provision and require parental consent, as well as the definition of significant, it is obvious that the intent of the new statutory language is to require more, or significant, support before

parental consent would be required. This standard also applies to the communication with the child provision." *Prescott v. Judy*, 157 Ga. App. 735, 736 (2) (278 SE2d 493) (1981). See *Chandler v. Cochran*, 247 Ga. 184 (5) (275 SE2d 23) (1981), cert. denied, 454 U. S. 872, reh. denied, 454 U. S. 1094; *In re S. B. P.*, 164 Ga. App. 50 (296 SE2d 236) (1982).

In determining whether "significant" steps have been taken with regard to support and communication, "sporadic and de minimis" efforts do not require the court to find that there have been significant steps. *In re C. C. B.*, 164 Ga. App. 3 (3) (296 SE2d 198) (1982); *Hayslip v. Williams*, 156 Ga. App. 296 (2) (274 SE2d 692) (1980).

It thus appears that the trial court's order was based upon misinterpretation of the law and the case must be remanded for further consideration.

*Judgment reversed and case remanded for proceedings consistent with this opinion. Banke, C. J., Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope, and Benham, JJ., concur.*

DECIDED NOVEMBER 18, 1986.

*James R. Tuten, Jr.*, for appellant.
*George M. Rountree*, for appellee.